ORDERED.

**Dated:  April 17, 2026**

_Caryl E. Delano_
Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

| | |
|---|---|
| LEESTMA MANAGEMENT, LLC, | Case No.: 8:26-bk-02696-CED [LEAD] |
| ADELAIDE POINTE QOZB, LLC, | Case No.: 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS SERVICES, | Case No.: 8:26-bk-02699-CED |
| LLC ADELAIDE POINTE BUILDING 1, | |
| LLC, | Case No.: 8:26-bk-02700-CED |
| WATERLAND BATTLE CREEK, LLC, | Case No.: 8:26-bk-02701-CED |
| | |
| Debtors. | _Jointly Administered_ |
| _____/ | |

**INTERIM ORDER REGARDING DEBTORS' EMERGENCY
MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS AUTHORIZING
<u>USE OF CASH COLLATERAL AND PROVIDING ADEQUATE PROTECTION</u>**

A continued hearing on the Motion is scheduled for **April 22, 2026, at 3:00 p.m.** (the "**Continued Hearing**").  The Continued Hearing will take place in Courtroom 9A of the United States Bankruptcy Court, located at 801 North Florida Avenue, Tampa, Florida 33602.

THIS CASE came on for an expedited hearing on April 15, 2026, at 11:45 a.m. (the "**Hearing**"), before the Court to consider the _State Court Appointed Receiver's Motion to: (1) Excuse Receiver From Turnover Provisions; and (2) Suspend the Bankruptcy Case_ (Doc. No. 18)

(the "**Receiver's Motion**")[1] filed by John Polderman, the receiver appointed by *Order Appointing Receiver* entered on January 30, 2026, by Circuit Judge Curt A. Benson, of the Kent County Circuit Court, State of Michigan ("**Receiver**").  At the Hearing, the Court considered the *Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Providing Adequate Protection* (Doc. No. 24) (the "**Cash Collateral Motion**") filed by Leestma Management, LLC ("**LMF**"), Adelaide Pointe QOZB, LLC ("**AP QOZB**"), Adelaide Pointe Boaters Services, LLC ("**AP Boaters**"), Adelaide Pointe Building 1, LLC ("**AP Building**"), and Waterland Battle Creek, LLC ("**Waterland,**" and together with LMF, AP QOZB, AP Boaters, and AP Building, the "**Debtors**" ).

Pursuant to the Cash Collateral Motion, the Debtors seek the entry of interim and final orders authorizing the immediate use of property that may constitute "cash collateral" under section 363(a) of the Bankruptcy Code ("**Cash Collateral**") in which (i) Independent Bank, a Michigan banking corporation ("**Independent Bank**"), (ii) Lake Michigan Credit Union ("**LMCU**"), (iii) the U.S. Small Business Administration ("**SBA**"), and (iv) CT Service Corp., as representative ("**CT**") may assert a security interest. Independent Bank, LMCU, SBA, CT and any secured creditors of the Debtors are collectively referred to as the "**Creditors**").

The Court finds that adequate notice of the Cash Collateral Motion was provided to (i) Independent Bank, (ii) LMCU, and (iii) the Office of the United States Trustee.  Having reviewed the Cash Collateral Motion and the record, having heard the arguments of counsel and the presentation of immediate and necessary needs for use of Cash Collateral made at

---

[1] The Court will also conduct a continued hearing on the Receiver's Motion, Independent Bank's joinder, and the Debtors' response on April 22, 2026, at 3:00 p.m., as announced in open court.  No further notice will be given.

the Hearing by the Receiver, and otherwise being fully advised in the premises, the Court finds that the interim use of Cash Collateral by the Receiver, as provided herein, is in the best interest of the Receivership Estate, the Debtors' estates and the Debtors' creditors and essential for the preservation and continued operation of the properties owned by the Debtors and certain of the Affiliated Non-Debtor Entities, as referenced in the Cash Collateral Motion. The Court further finds that turnover compliance of property by the Receiver should be temporarily excused until further Order of the Court. Accordingly, for the reasons stated on the record in open court, it is hereby **ORDERED** as follows:

1.      **Jurisdiction and Venue.**  This Court has jurisdiction over these proceedings pursuant to 28 U.S.C. § 1334 and this is a "core" proceeding under 28 U.S.C. § 157.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      **Notice.**  Notice of the Hearing on the Motion was adequate and appropriate in the current circumstances of these Chapter 11 cases as contemplated by section 102(a) of the Bankruptcy Code and Bankruptcy Rule 4001(b)(2).

3.      **Interim Relief**. The turnover compliance of property by the Receiver is temporarily excused until further Order of the Court and the Cash Collateral Motion is **GRANTED** on an interim basis as set forth herein.  In accordance with Bankruptcy Rule 4001, the Court finds that the authorization of the use of Cash Collateral pursuant to this Order is necessary to avoid immediate and irreparable harm to the Debtors' estates.

4.      **Cash Collateral Authorization.**  Subject to the terms of this Order, the Receiver is authorized to use Cash Collateral on an interim basis effective as of the Petition Date and continuing through April 22, 2026 (the "**Expiration Date**") (the Petition Date through the Expiration Date is hereinafter referred to as the "**Interim Period**") in

3

accordance with the payable list attached hereto as Exhibit "A" (the "**Budget**") in an aggregate amount up to but not in excess of the actual anticipated cash needs of the Receiver during the Interim Period and such additional amounts as may be expressly approved in writing by the Debtors, Independent Bank and LMCU. Particular expense items may exceed the amount in the Budget by fifteen percent (15%), so long as the aggregate expenses actually incurred do not exceed the aggregate amounts reflected in the Budget for the Interim Period by no more than ten percent (10%), provided, however, that no amounts shall be paid to any insiders or affiliate officers absent approval by the Court. Any payment by the Receiver in excess of the budgeted amounts and variances permitted in this Order shall constitute a default under the terms of this Order and, upon default, the Creditors shall be entitled to seek emergency relief from the Court to prohibit the further use of Cash Collateral. However, expenditures in excess of the line items in the Budget or not on the Budget will not be deemed to be unauthorized use of cash collateral, unless the recipient cannot establish that the expense would be entitled to administrative expense priority if the recipient had extended credit for the expenditure.  Expenditures in excess of the line items in the Budget or not on the Budget may, nonetheless, give rise to remedies in favor of the Creditors.  This Order shall remain in effect through the Expiration Date pending any other subsequent order of the Court directed specifically to this Order.  During the Interim Period, the Receiver is authorized to remain in possession of the Debtors' assets and comply with the terms of Order Appointing Receiver and this Order. From the Petition Date to the date of entry of this Order, the Receiver has also made disbursements from the Cash Collateral which he believed were necessary to preserve and maintain the Receivership Estate or pay entities to which the Receivership Estate was obligated ("**Receivership**

**Payments**").  The Receiver shall promptly file an accounting of the Receivership Payments with the Court ("**Accounting**").  If no objections to the Accounting are filed within 10 days of the filing, the Accounting will be deemed approved.

5.      **Pre-Petition Payroll.**  To the extent that any amounts in the Budget are for prepetition wages, such amounts do not exceed the amounts provided for as priority in section 507(a)(4) of the Bankruptcy Code.  All applicable banks and other financial institutions are authorized and directed to receive, process, honor, and pay any and all checks representing the payroll for the Debtors.

6.      **Receiver Credit Card.**  The Receiver is authorized to continue to use the receivership credit card to pay the amounts authorized by this Order, and to the extent that such use constitutes a post-petition loan, the Debtors are authorized to incur such debt.

7.      **Debtors' and Receiver's Obligations and Reporting.**  The Debtors shall timely perform all obligations of a debtor-in-possession required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and the orders of this Court.  During the Interim Period, the Receiver shall provide the Debtors, Independent Bank, LMCU, the United States Trustee, and any other party-in-interest upon request with weekly reporting consisting of the following reports: (i) a budget variance report and (ii) an accounts receivable aging report.  The reports shall cover the preceding week (Saturday through Friday) and are due on the following Tuesday.

8.      **Insurance**.  The Receiver shall maintain insurance coverage for the property in accordance with the obligations under the loan and security documents with the Creditors.

9. **Replacement Lien.** In addition to any existing rights and interests of the Creditors in Cash Collateral and for the purpose of providing adequate protection of any such interests, the Creditors are hereby granted as of the Petition Date and re-granted thereafter replacement liens on any Cash Collateral acquired by the Receiver after the Petition Date to the same extent, validity and priority as any of their liens or security interests that attached to Cash Collateral as of the Petition Date, without the need to file or execute any document as may otherwise be required under applicable non bankruptcy law.

10. **Payments Owed to the Debtors.** Pursuant to section 542 of the Bankruptcy Code, all persons and entities owing monies to the Debtors are authorized and directed to pay such monies to the Receiver, which sums shall upon collection by the Receiver constitute Cash Collateral to the extent of any valid and perfected security interests therein as of the Petition Date. The Receiver is authorized to use such Cash Collateral on an interim basis in accordance with the terms of this Order.

11. **Preservation of Rights.** It is the intent of the Court under this Order to preserve the rights of all parties and to preserve the status quo pending further proceedings. As a result, any right, objection, factual assertion or legal argument not specifically addressed and ruled upon by the Court at the Hearing or in this Order shall remain as it was prior to the entry of this Order. The Court makes no determination at this time as to the extent, priority, or validity of any security interest held by or the obligations owed to the Creditors prior to the Petition Date. To the extent the adequate protection provided herein is found to be insufficient, the Creditors shall be entitled to assert a priority claim for any such deficiency under section 507(b) of the Bankruptcy Code. This order is without prejudice to (i) any subsequent request by a party in interest for modified adequate

protection or restrictions on use of cash collateral; or (ii) any other right or remedy which may be available to the Creditor.

12.    **Enforcement**.  The Court shall retain jurisdiction to enforce the terms of this Order.

13.    **Continued Hearing.**    The Court will consider the request to use Cash Collateral subsequent to the Expiration Date on **April 22, 2026, at 3:00 p.m.**, at the Continued Hearing.  All parties may attend the hearing in person or on Zoom. Parties are directed to consult Judge Delano's Procedures Governing Court Appearances, available at https://www.flmb.uscourts.gov/judges/delano/ regarding policies and procedures for attendance at hearings by video or telephone via Zoom. If you are unable to access the Courts website, please contact the Courtroom Deputy at 813-301-5070 no later than 3:00 p.m., one business day before the date of the hearing.

Attorney David S. Jennis is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this order.

# EXHIBIT "A"

| Entity | Amount | Purpose |
|---|---|---|
| Adelaide Pointe Boaters Services | $10,000 | Convenience store items |
| Adelaide Pointe Boaters Services | $10,000 | Fuel supply contractor |
| Adelaide Pointe QOZB | $20,000 | Payroll draw on 4/17/2026 |
| Adelaide Pointe QOZB | Up to $50,000 | Fire panel/sprinkler install and repairs at 1204 Western, Muskegon property |
| Adelaide Pointe QOZB | $20,000 | Roof repair at 1204 Western (Low West/office) |
| Adelaide Pointe QOZB | $10,000 | Payment on Chase credit card for silt fence, repairs and maintenance items at Adelaide Pointe campus |
| Adelaide Pointe QOZB | $20,000 | Erosion control |
| Leestma Management | $10,000 | Ordinary course payables as set forth in the Bradley budget, including $5,000 in real property taxes |
| Leestma Management | $3,050 | Handyman payroll 4/17/2026 |
| Waterland Battle Creek | $1,800 | Handyman payroll 4/17/2026 |
| Waterland Battle Creek | $5,000 | Ordinary course payables as set forth in the Bradley budget |
|  | $15,000 | Utilities at Adelaide Pointe campus |