UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| Leestma Management, LLC, | Case No 8:26-bk-02696-CED [Lead Case] |
| Adelaide Pointe QOZB, LLC | Case No. 8:26-bk-02698-CED |
| Adelaide Pointe Boaters Services, LLC | Case No. 8:26-bk-02699-CED |
| Adelaide Pointe Building 1, LLC | Case No. 8:26-bk-02700-CED |
| Waterland Battle Creek, LLC | Case No. 8:26-bk-02701-CED |
| | Chapter 11 |
| Debtor. | |
| _____/ | *Jointly Administered Cases* |

**DEBTORS' MOTION TO STRIKE, OR IN THE ALTERNATIVE,
MOTION TO DISMISS, THE STATE COURT RECEIVER'S
MOTION TO EXCUSE TURNOVER AND SUSPEND
THE BANKRUPTCY CASE [DOC. 18] FOR LACK OF STANDING**

## I. INTRODUCTION

1.     The *State Court Appointed Receiver's Motion to: (1) Excuse Receiver from Turnover Provisions; and (2) Suspend the Bankruptcy Case* (Doc. 18) (the "Receiver Motion") was filed by John Polderman (the "Receiver") in his capacity as state-court-appointed receiver of certain of the Debtors. The Receiver seeks two forms of affirmative relief from this Court: (a) excuse of turnover under 11 U.S.C. § 543(d); and (b) suspension of the bankruptcy case under 11 U.S.C. § 305(a)(1). The Debtors move to strike the Receiver Motion under Rule 9(a) of the Federal Rules of Civil Procedure (hereinafter the "Fed. R. Civ. Pro") as made applicable to the contested matter of the Receiver Motion and the Debtor's Response in Opposition thereto. Fed. R. Bankr. P. 9014 and Fed. R. Civ. Pro. 7009(a)(1) and 7009(a)(2) and the Court's inherent authority— because the Receiver, a non-party custodian under 11 U.S.C. § 101(11), has no standing to seek either form of affirmative relief in this bankruptcy case.[1]

---

[1] The Receiver's Motion seeks two discrete forms of affirmative relief from this Court. Both are statutorily committed to the movant's own burden of proof under § 543(d)(1) and § 305(a)(1). Both presuppose that the movant is a "party

2.      The Receiver's lack of standing is not a close question. Forty-four years ago, this very Court resolved it directly. In *Matter of Property Management & Investments, Inc.*, 17 B.R. 728 (Bankr. M.D. Fla. 1982) ("PMI"), In PMI, then Bankruptcy Judge Alexander L. Paskay held that a state-court receiver has no standing to seek dismissal, conversion, abstention, or excuse of turnover under § 543(d). 17 B.R. at 731. *PMI* is directly on point with the Receiver Motion. PMI has never been overruled, distinguished, or questioned in any subsequent Middle District decision to the extent that prior discussions of Judges of this Court can be considered precedentIt should controls.[2]

3.      The national authority is to the same effect. The leading case is *Matter of Rimsat, Ltd.*, 193 B.R. 499 (Bankr. N.D. Ind. 1996), which holds that a pre-petition receiver is not a "party in interest" within the meaning of § 1109(b) and has no role in the bankruptcy case other than to comply with § 543 of the Bankruptcy Code. Every subsequent court to address the question has reached the same conclusion.[3]

4.      The practical effect of this Motion is to force the only real movant with standing — Independent Bank Corp. ("IBCP"), who filed its joinder to the Receiver's Motion (Doc. 21) (the "Joinder") which piggy-backs on the Receiver's defective motion — to file its own freestanding motion identifying itself as the real party in interest and seeking any affirmative relief that would subject it to this Court's core and non-core jurisdiction. IBCP has likely declined to do so for obvious reasons: its conduct (including the September 2025 sweep of $600,000 from commingled

in interest" with standing to invoke the Court's jurisdiction. Neither presupposition holds for a state-court-appointed custodian. The distinction between a custodian's defensive posture (permissible) and the custodian's filing of a motion seeking affirmative relief (not permissible) should be dispositive.

[2] *PMI* has been cited in subsequent Middle District of Florida decisions and almost uniformly followed. *See also In re WPAS, Inc.*, 6 B.R. 40, 42-43 (Bankr. M.D. Fla. 1980) (§ 543(b) imposes "absolute" turnover duties on custodians, subject only to the § 543(d) discretion of the Court on proper application).

[3] The national consensus is uniform. A pre-petition receiver, upon the commencement of a bankruptcy case, has one statutory role and one only: compliance with § 543. *See* Part IV.D infra.

deposit accounts containing the cash collateral of three other secured creditors which would) is most cleanly before this Court on an IBCP-filed motion and not the Motion to Excuse for which the Receiver lacks standing.[4]

## II. JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought are 11 U.S.C. §§ 105(a) 7009(a)[5] and 1109(b); Fed. R. Bankr. P. 9014(c) incorporating Fed. R. Civ. P. 12(b)(1) and 12(f); and the inherent authority of this Court to control its docket.[6]

## III. FACTUAL AND PROCEDURAL BACKGROUND

6. On January 30, 2026, the Honorable Curt A. Benson of the Kent County, Michigan Circuit Court entered the Order Appointing Receiver (the "Receivership Order") in litigation styled Independent Bank Corp. v. Adelaide Pointe QOZB, LLC, et al., assigned Case No. 25-20760-CBB, appointing John Polderman an attorney practicing with the law firm of Stevenson & Bullock, P.L.C., as receiver over certain real and personal property of certain of the Debtors. The

---

[4]IBCP's choice to file a joinder rather than as primary movant is not accidental. A freestanding IBCP motion would require IBCP to place its own pre-petition conduct before the Court — including the September 13, 2025 sweep of approximately $600,000 of commingled cash collateral, and the USDA Business & Industry guaranty position that renders its economic interest substantially different from the positions of the other secured creditors. IBCP prefers the narrative to be about the Receiver's competence rather than about IBCP's conduct.

[5] Fed.R. Civ. P. 7009(a) as made applicable by Fed R. Bakr. P 9014 provides that while a "pleading" need not allege a party's capacity to sue or be sued or authority to sue or be sued in a representative capacity or otherwise but those issues may be raised by specific denial with specific facts. The Debtors submit through this Motion that the Receiver's lack of standing to excuse turnover is a legal issue.

[6]Standing is jurisdictional and cannot be waived. Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y&H Corp. 546 U.S. 500, 514 (2006).

Receivership Order was sought and obtained *ex parte* by IBCP on the morning after Ryan M. Leestma declined to consent to a receivership.[7]

7.     On April 1, 2026, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The petitions were jointly administered under Case No. 8:26-bk-02696. Upon the filing of the petitions, the Receiver became a "custodian" within the meaning of 11 U.S.C. § 101(11), and the Receiver's authority under the Receivership Order became subject to 11 U.S.C. §§ 362, 543, and related provisions.[8]

8.     On April 13, 2026, the Receiver filed the Receiver's Motion seeking (a) excuse from turnover under § 543(d) and (b) suspension of the bankruptcy case under § 305(a)(1). On April 14, 2026, IBCP filed the Joinder. Neither the Receiver's Motion nor the Joinder address the Receiver's standing under § 1109(b) or the controlling authority of *PMI*.[9]

9.     On April 14, 2026, the Debtors filed their opposition to the Receiver's Motion (Doc. No. 28) and on April 15, 2026 their opposition to the Joinder (Doc. No. 33) addressing the merits of both the § 543(d) and § 305(a)(1) requests in the alternative, without prejudice to the standing objection pressed by this Motion.[10]

---

[7] The Receivership Order is Exhibit 17 to the Receiver's Motion and is incorporated herein by reference. The factual circumstances surrounding the entry of the Receivership Order — including the *ex parte* nature of the receivership application and its temporal relationship to the September 2025 sweep — [are more fully addressed in the Adversary Complaint, *Leestma Management, LLC v. Independent Bank Corp., et al.*, Adv. Pro. No. ___ (the "Adversary").]

[8] 11 U.S.C. §§ 101(11)(A), 362(a), 541, 543.

[9] The procedural defect in the Receiver's Motion and Joinder is facial. Neither pleading addresses the standing question under § 1109(b). Neither cites *PMI, Rimsat*, or any controlling authority on the custodian-standing question. The Debtors believe this issue of standing should be brought to the Court's immediate attention out of concern that the Receiver may attempt to use all of the Court's available time at the status conference scheduled for April 22, 2026 at 3:00 p.m. "filibusting" as to why he should remain in control.

[10] The Omnibus Opposition is filed contemporaneously with a Supplement explicitly reserving the standing objection. Because standing is jurisdictional and "cannot be waived and may be raised at any time," Fed. R. Civ. P. 12(h)(3);

## IV.  LEGAL ARGUMENT

### A.  A State-Court Receiver Is a Custodian, Not a Party in Interest

10.    The Bankruptcy Code defines "custodian" at § 101(11) to include "a receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title." 11 U.S.C. § 101(11)(A). John Polderman fits this definition precisely. He was appointed by the Kent County Circuit Court in a state-law proceeding; he holds no title to estate property; he has no personal claim to any Debtor asset; and he represents no class of creditors.[11]

11.    The United States Supreme Court long ago explained the limited nature of a receiver's role. "Upon the appointment of a receiver, his possession is the possession of the court, and the property in his hands is in the custody of the court." *Taylor v. Sternberg* 293 U.S. 470, 472-73 (1935). A receiver "takes no title to the property" and his appointment "determines no right." *Imperial Assurance Co. v. Livingston*, 49 F.2d 745, 748 (8th Cir. 1931). He is an officer of the court — in this case the Kent County Circuit Court — and nothing more.[12] The Kent County Circuit Court acknowledges this in similar language in its order providing that the Receiver did not "take title" to any property.

12.    The Bankruptcy Code correspondingly limits the custodian's role. A pre-petition custodian "may not make any disbursement from, or take any action in the administration of, property of the debtor... except such action as is necessary to preserve such property." 11 U.S.C.

---

*Arbaugh*, 546 U.S. at 514, the Debtors' response on the merits does not constitute consent to the Court's reaching Doc. 18's merits prior to adjudicating the standing issue asserted through this Motion.

[11] 11 U.S.C. § 101(11)(A) defines "custodian" to include "a receiver or trustee of any of the property of the debtor, appointed in a case or proceeding not under this title."

[12] *Taylor v. Sternberg*, 293 U.S. 470, 472-73 (1935); *Imperial Assurance Co. v. Livingston*, 49 F.2d 745, 748 (8th Cir. 1931).

§ 543(a). The Custodian "shall" deliver to the trustee or debtor-in-possession any property of the debtor and file an accounting with the Court. § 543(b)(1)-(2). The Court "may excuse" compliance "if the interests of creditors, and, if the debtor is not insolvent, equity security holders, would be better served by permitting a custodian to continue in possession, custody, or control…" § 543(d)(1). Nothing in § 543 authorizes the custodian to independently affirmatively move the bankruptcy court to excuse the statutory requirement of turnover.[13]

13.    The distinction between defending against a turnover motion and affirmatively moving for excuse is also dispositive. A custodian who is a respondent to a Rule 9014 contested matter may appear, and argue his own conduct. What the Custodian may not do is initiate a contested matter in his own name by filing a motion seeking affirmative relief from the Court to both "excuse" turnover and to "suspend" the bankruptcy case and the most recent cases citing itforbids the request for relief.

## B. Section 1109(b) Does Not Include Custodians

14.    Affirmative standing in a bankruptcy case is governed by 11 U.S.C. § 1109(b), which provides that "[a] party in interest, including the debtor, the trustee, a creditors' committee, an equity security holders' committee, a creditor, an equity security holder, or any indenture trustee, may raise and may appear and be heard on any issue in a case under this chapter." A custodian is conspicuously absent from this enumeration. The Supreme Court in *Hartford Underwriters Insurance Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6-7 (2000), held that

---

[13] 11 U.S.C. §§ 543(a), (b)(1)-(2), (d)(1). Section 543 imposes duties on the custodian and authorizes the Court to excuse compliance in limited circumstances; it does not confer affirmative standing on the custodian to move the Court in the first instance.

specific statutory grants of authority in the Bankruptcy Code are exclusive. § 1109(b) lists who may "raise" issues and "appear and be heard." Custodians are not on the list.[14]

## C. Controlling Authority: PMI Resolves Both Branches of the Receiver's Motion and Requests for Relief

15.    Judge Paskay of this Court resolved the precise question before the Court in *Matter of Property Management & Investments, Inc.*, 17 B.R. 728 (Bankr. M.D. Fla. 1982). The receiver in *PMI* filed motions seeking (i) dismissal or conversion, (ii) abstention, and (iii) excuse of turnover under § 543(d) — the same three categories of relief that, between them, the Receiver's Motion seeks here. Judge Paskay held that "[c]onsidering first the Motions filed by the Receiver, it is clear that the Receiver is not a party in interest in this case, thus has no standing to seek a dismissal or conversion or abstention. Nor does he have standing to be excused from complying with the turnover provisions of § 543(d)." 17 B.R. at 731. *PMI* is should be consideredas controlling authority from within this District.[15]

## D. Every Court to Address the Question Has Held the Same

16.    In *Matter of Rimsat, Ltd.*, 193 B.R. 499, 502-03 (Bankr. N.D. Ind. 1996), the court held that a pre-petition receiver is not a "party in interest" under § 1109(b) and that "[n]othing remains for the pre-petition receiver to do except comply with Code § 543." The court expressly rejected the receiver's attempt to participate in the bankruptcy case beyond the turnover inquiry.[16]

---

[14] *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6-7 (2000); *cf. In re Ernie Haire Ford, Inc.*, 764 F.3d 1321, 1324-25 (11th Cir. 2014) (standing analysis under § 1109(b)).

[15] *Matter of Property Management & Investments, Inc.*, 17 B.R. 728, 731 (Bankr. M.D. Fla. 1982) (Paskay, J.).

[16] *Matter of Rimsat, Ltd.*, 193 B.R. 499, 502-03 (Bankr. N.D. Ind. 1996).

17.      *Rimsat* has been generally followed uniformly. *See In re Pyramid Auto Group, Inc.*, No. 06-31435, slip op. at 10 (Bankr. N.D.N.Y. Oct. 26, 2005) ("the state court's jurisdiction over its appointed receiver terminates once the debtor files a petition for bankruptcy relief"); *In re Roxwell Performance Drilling, LLC*, No. 13-50301 (Bankr. N.D. Tex. Dec. 20, 2013); *In re Plantation Inn Partners*, 142 B.R. 561 (Bankr. S.D. Ga. 1992); *In re Carlson*, 211 B.R. 275, 278 (Bankr. N.D. Ill. 1997) (Rule 9014 motion to strike).[17]

18.      The Receiver will be unable to cite a single case — in this District or any other — holding that a pre-petition state-court receiver has standing to seek § 543(d) excuse of turnover or § 305(a)(1) suspension in his own name as movant.[18]

### E.  The § 305(a)(1) Prong Is Doubly Barred

19.      The § 305(a)(1) branch of the Receiver's Motion is separately barred on the same standing ground. *PMI* held that the receiver lacks standing to seek "dismissal or conversion or abstention." 17 B.R. at 731. Suspension under § 305(a)(1) is a variation on a request for abstention and falls squarely within the *PMI* holding. The two provisions were disposed of together in *PMI* for the same reason.[19]

### F.  Rule 9014 and the Court's Inherent Authority Authorize Striking

---

[17]The uniform contrary authority is summarized in Part IV.D. The sole role of a custodian in a bankruptcy case is to deliver estate property and file an accounting under § 543(b). Nothing more is contemplated or permitted.

[18]The Debtor undersigned believes there is no published authority that supports custodial standing to seek § 543(d) excuse or § 305(a)(1) suspension as a primary movant. However, because the Receiver filed his Motion to Excuse at a time when local counsel for IBCP and the Receiver had agreed to "stand down" to see if consensual turnover could be agreed, the undersigned has not exhaustively researched all of the cases on this issue.

[19]*PMI*, 17 B.R. at 731. The analogy between § 543(d) and § 305(a)(1) was discussed at length in *PMI* itself; the two provisions were disposed of in the same sentence for the same reason. No subsequent authority has read *PMI* to allow custodians to invoke § 305 while forbidding them § 543(d) — the categories rise and fall together.

20. Fed. R. Bankr. P. 9014(c) provides that, in a contested matter, "[t]he court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Rule 7009 incorporatesFed. R. Civ. P 7009(a) and says that issues as to standing must be raised by "specific denial". . Additionally, the Court's inherent authority permits striking unauthorized filings. *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *In re Carlson*, 211 B.R. 275, 278 (Bankr. N.D. Ill. 1997).[20]

## G. IBCP's Joinder Cannot Cure the Defect

21. IBCP's Joinder does not cure the Receiver's standing defect. A joinder is a derivative pleading that attaches to a primary motion; it does not transform a jurisdictionally defective primary motion into a valid one. *See In re Trusted Net Media Holdings, LLC*, 525 F.3d 1095, 1103 (11th Cir. 2008) (en banc). The Debtors address IBCP's Joinder separately in their contemporaneously filed Supplemental Opposition to the Motion to Excuse and the IBCP Joinder.[21] The Receiver should not be allowed to distract the Court from the issues before it.

**WHEREFORE**, the Debtors respectfully request that this Court enter an Order (i) striking the Receiver's Motion in its entirety under Fed. R. Bankr. P. 9014(c) and the Court's inherent authority; (ii) in the alternative, dismissing the Receiver's Motion under Fed. R. Civ. P. 12(b)(1) as incorporated through Rule 7012 for lack of subject-matter jurisdiction; (iii) directing IBCP either to file its own freestanding motion seeking the relief requested or to withdraw the Joinder

---

[20]Fed. R. Bankr. P. 9014(c); *In re Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995); *In re Carlson*, 211 B.R 275, 278 (Bankr. N.D. Ill. 1997) (Rule 9014 authorizes motion to strike by analogy to Rule 12(f)).

[21]*In re Trusted Net Media Holdings, LLC*, 525 F.3d 1095, 1103 (11th Cir. 2008) (en banc); *see also In re Fairfield Sentry Ltd.*, No. 21-cv-10316, slip op. at 12 (S.D.N.Y. Aug. 31, 2022).

within seven (7) days; and (iv) granting such other and further relief as the Court deems just and proper.

Dated: April 22, 2026.

Respectfully submitted,

/s/ David S. Jennis
David S. Jennis, Esq.
Florida Bar No. 0775940
**JENNIS MORSE**
606 East Madison Street
Tampa, Florida 33602
Telephone: (813) 229-2800
djennis@jennismorse.com

*Lead Counsel for Debtors-in-Possession*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF electronic notification to those all parties that receive service via this Courts CM/ECF electronic service in the ordinary course of business on this 22nd day of April, 2026.

/s/ David S. Jennis
David S. Jennis