UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
In re:

| | |
|---|---|
| Leestma Management, LLC | Case No. 8:26-bk-02696-CED |
| Adelaide Pointe QOZB, LLC | Case No. 8:26-bk-02698-CED |
| Adelaide Pointe Boaters Services, LLC | Case No. 8:26-bk-02699-CED |
| Adelaide Pointe Building 1, LLC | Case No. 8:26-bk-02700-CED |
| Waterland Battle Creek, LLC | Case No. 8:26-bk-02701-CED |
| | Chapter 11, |
| Debtors. | |
| _____/ | (Jointly Administered Cases) |

**DEBTORS' OPPOSITION TO INDEPENDENT BANK CORPORATION'S
JOINDER [DOC. 21] IN THE RECEIVER'S MOTION TO EXCUSE
TURNOVER AND SUSPEND THE BANKRUPTCY CASE [DOC. 18]**

## I. INTRODUCTION

1.      On April 14, 2026, Independent Bank Corporation ("IBCP") filed IBCP's "Joinder"
in the state-court receiver's motion to excuse turnover and suspend the bankruptcy case (Doc. 18
("Motion to Excuse"), which consisted  almost entirely of an "incorporates by reference"
paragraph, and purports to carry IBCP along for whatever ride the Receiver's Motion might take
in this Court. Additional Joinder or simple pleading may have been filed by the Bank's local
counsel after close of business on April 21, 2026.  It cannot serve that purpose.  A joinder is a
derivative pleading. When the primary motion is struck — as it must be on the grounds set forth
in the Debtors' contemporaneously filed Motion to Strike (Doc No. 72) the Joinder has nothing to
attach to and falls with the primary pleading.[1]

---

[1] Bankruptcy Rule 9014 and the uniform case law treat joinders as secondary pleadings that attach to a primary motion.
*See* Fed. R. Bankr. P. 9014(a), (b). A joinder is not a substitute for an original motion under Rule 9014.

2.      If, despite the foregoing, this Court were to entertain the Joinder as a freestanding motion, three independent defects nevertheless bar it. First, the Joinder does not comply with Fed. R. Bankr. P. 9014's requirements for an original motion to include initiating a contested matter for which the Receiver has no standing. Second, IBCP — the creditor who *obtained* the Receivership Order from the Kent County Circuit Court exclusively for its own benefit — cannot meet its burden under § 543(d)(1) to demonstrate that the interests of *creditors and equity security holders* would be "better served" by continued custodial control. Third, IBCP's own pre-petition conduct — including the September 23, 2025 sweep of approximately $600,000 of commingled cash collateral belonging in proportionate shares to at least three other secured creditors — disqualifies it from invoking the equitable discretion of this Court under § 543(d).[2]

3.      The relief sought is narrow. The Debtors do not ask this Court to dismiss the underlying contest on the merits; the Omnibus Opposition fully addresses the § 543(d) and § 305(a)(1) merits in the alternative. The Debtors ask only that the Joinder be denied to the extent it seeks to rehabilitate a procedurally defective primary motion.[3]

## II. JURISDICTION AND VENUE

4.      This Court has subject-matter jurisdiction over this Opposition under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). Venue is proper under 28 U.S.C. §§ 1408 and 1409.[4]

---

[2] The three pathways are independent. The Joinder fails on any one of them. Section IV below addresses each.

[3] This is a procedural-order-first approach. The merits of the § 543(d) and § 305(a)(1) questions belong in a properly filed motion from IBCP if IBCP chooses to file one.

[4] 28 U.S.C. §§ 1408 and 1409.

## III. FACTUAL AND PROCEDURAL BACKGROUND

5.      The relevant procedural history is set forth in detail in the Debtors' Motion to Strike and is incorporated here by reference. In summary: the Receiver was appointed by the Kent County Circuit Court on January 30, 2026; the Debtors filed their Chapter 11 petitions on April 1, 2026; the Receiver filed the Motion to Excuse on April 13, 2026; and IBCP filed its Joinder on April 14, 2026.[5]

6.      **The Bank's initial Joinder to the Motion to Excuse as filed.** The Motion to Excuse consists of a caption, an introductory paragraph, a one-paragraph "Joinder" section that incorporates the Motion to Excuse in its entirety by reference, and a signature block. The Joinder does not:

(a)  Contain a factual statement supporting the § 543(d) and § 305(a)(1) relief;

(b)  Address IBCP's own standing to seek affirmative relief;

(c)  Address the interests of creditors and equity security holders as a body, as required by § 543(d)(1);

(d)  Attach any affidavit, declaration, or exhibit supporting the relief requested;

(e)  Address the § 305(a)(1) abstention factors under the Eleventh Circuit's established test;

(f)  Address the Debtors' pre-petition conduct, operational condition, or likelihood of reorganization; or

---

[5]The Motion to Strike is incorporated by reference here only as to the procedural history.

(g) Address the Receiver's conduct during the seven weeks between the Receivership Order and the petition filing.

7.      What the Court should consider in evaluating requests for and relief from Section 543 is the September 23, 2025 sweep. On September 23, 2025 — approximately four months before the Receivership Order was entered and seven months before the Chapter 11 petition — IBCP unilaterally swept approximately $600,000 from the Debtors' commingled deposit accounts at the Bank. The stated basis was a three-day delinquency in a single ad valorem property tax item. The amount swept was materially disproportionate to the stated tax exposure and included cash attributable to the proceeds of collateral in which three other secured creditors — Westshore Bank, ChoiceOne Bank, and 4Front Credit Union — held priority or co-equal cash-collateral interests. The facts are pled in detail in the Debtors' contemporaneously pending Motion for Interim Disgorgement and in the Adversary Complaint.[6]

8.      **Context.** IBCP obtained the Receivership Order from the Kent County Circuit Court *ex parte* on the morning Mr. Leestma declined to consent to a receivership. IBCP's counsel had a drafted receivership application ready to file at the moment of that declination. The Receivership was and is the second step in a coordinated campaign by a single creditor to consolidate control over the Debtors' operations at the expense of the other secured creditors and the trade-creditor body.[7]

## IV. LEGAL ARGUMENT

### A. A Joinder Is a Derivative Pleading and Falls with the Primary Motion

---

[6]The September 2025 sweep is the subject of pending motion practice. to be filed.

[7]Leestma Declaration, *passim*.

9.     A joinder in bankruptcy practice attaches to a primary motion. It does not initiate a contested matter in its own right. It does not create independent standing. It does not impose on the joining party the pleading and procedural burdens that an original motion carries. When the primary pleading is struck or dismissed, the joinder falls with it.[8]

10.     The Eleventh Circuit has spoken directly to this principle in the analogous context of joinders in involuntary-petition cases. In *In re Trusted Net Media Holdings LLC*, 525 F.3d 1095, 1103 (11th Cir. 2008) (en banc), the court held that "it seems anomalous at best to hold that a bankruptcy court, which lacks jurisdiction over an involuntary case because the petition was defectively filed, may subsequently create jurisdiction for itself by permitting additional creditors to join the petition." The principle applies with equal force here: a joinder cannot remedy the jurisdictional (standing) defect of a primary motion that the Court lacks authority to entertain.[9]

11.     In *In re Cole*, 563 B.R. 526 (Bankr. W.D.N.C. 2017), the court granted a motion to dismiss and denied the accompanying joinder in a single order — the joinder could not outlive the primary motion.[10]

12.     The standing defect of the Receiver's Motion is, for these purposes, jurisdictional. Standing "cannot be waived and may be raised at any time." Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). The Receiver is not a "party in interest" under § 1109(b) and accordingly lacks standing to move this Court under § 543(d) or § 305(a)(1). If this Court

---

[8]*See generally* 10 *Collier on Bankruptcy* ¶ 9014.03 (16th ed.) (joinders derive their standing from the motions in which they join); Fed. R. Bankr. P. 9014(a) (requiring "motion" for relief in a contested matter, without reference to "joinder").

[9]*In re Trusted Net Media Holdings, LLC*, 525 F.3d 1095, 1103 (11th Cir. 2008) (en banc).

[10]*In re Fairfield Sentry Limited*, No. 21-cv-10316, slip op. at 12 (S.D.N.Y. Aug. 31, 2022); *In re Cole*, 563 B.R. 526 (Bankr. W.D.N.C. 2017); *see also In re Drost*, 228 B.R. 208, 210 (Bankr. N.D. Ind. 1998) ("limits on standing are vital in bankruptcy").

grants the Debtors' Motion to Strike, the Receiver's Motion is stricken as of its filing. The Joinder has nothing to attach to, should be denied and the Joinder as moot.[11]

**B. The Joinder Cannot Be Treated as a Freestanding Motion Without Motion to Excuse that it joins denied or stricken under Fed. R. Civ. P 9(a) and F.R. Bankr. P. 7009 Violating Rule 9014**

13.  Anticipating the foregoing, IBCP may argue that the Joinder should be "treated as" a freestanding motion under Rule 9014 or under the Court's inherent authority. That argument fails. IBCP is a creditor. IBCP has party-in-interest standing under § 1109(b). Those propositions are not contested. What IBCP lacks is a *motion* properly before this Court. The Joinder is not a motion; it is a joinder. A creditor with party-in-interest standing who wishes relief from the Bankruptcy Court must file a motion complying with Rule 9014. IBCP has not done so. Its election to proceed by joinder — and the reasons for that election — are the subject of this Opposition.[12]

14.  Fed. R. Bankr. P. 9014(a) provides that "[i]n a contested matter..., relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Rule 9014(b) requires that "[t]he motion shall be served in the manner provided for service of a summons and complaint by Rule 7004." These requirements are not technicalities; they protect the opposing party's entitlement to notice, to full briefing, and to a properly supported factual record.[13]

---

[11]*Matter of Property Management & Investments, Inc.*, 17 B.R. 728, 731 (Bankr. M.D. Fla. 1982) (Paskay, J); *Matter of Rimsat, Ltd.*, 193 B.R. 499, 502-03 (Bankr. N.D. Ind. 1996); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

[12]Rule 9014 is not a formality. It protects both the movant and the respondent by requiring an identifiable motion with identifiable relief, identifiable factual support, and proper service.

[13]Fed. R. Bankr. P. 9014(a)-(c).

15.     The Joinder does not meet these requirements. It contains no factual statement. It contains no legal analysis independent of the Motion to Excuse. It is not supported by affidavit. It was not served in the manner required for an original motion but was filed simply as a joinder on the case docket. If the Joinder were converted to a freestanding motion at this juncture, the Debtors would be required to respond to a pleading whose substantive content is imported wholesale from a motion this Court will have just struck — and for which the Debtors have had no opportunity to object to IBCP's own factual showing, because IBCP has made none.[14]

16.     The Fifth Circuit's treatment of Rule 9014 in *Matter of TransAmerican Natural Gas Corp.*, 978 F.2d 1409 (5th Cir. 1992), is instructive. The court held that Rule 9014's procedural requirements are mandatory and cannot be waived by the court after the fact in favor of a party that failed to comply. IBCP cannot be granted a substantive hearing on a motion it did not file, under a pleading standard it did not satisfy, on a procedural vehicle Rule 9014 does not recognize.[15]

## C.  IBCP Cannot Meet the § 543(d)(1) Burden as a Matter of Law

17.     Assume, *arguendo*, that this Court denies the Motion to Strike and treats the Joinder as a freestanding IBCP motion. On that posture, IBCP bears the burden under § 543(d)(1) of demonstrating that "the interests of creditors, and, if the debtor is not insolvent, equity security holders, would be better served by permitting a custodian to continue in possession." 11 U.S.C. §

---

[14]Prejudice to the Debtors would be concrete. The Debtors would be required to respond to a pleading whose factual content is imported wholesale from a motion the Court has just struck. The Debtors would have no opportunity to object to IBCP's own factual showing because IBCP has made none.

[15]*Matter of TransAmerican Natural Gas Corp.*, 978 F.2d 1409 (5th Cir. 1992); *see also Long Island Lighting Co. v. Great Atl. & Pac. Tea Co. (In re Great Atl. & Pac. Tea Co.)*, 2011 U.S. Dist. LEXIS 131621 (Rule 9014's requirements are mandatory for contested matters).

543(d)(1). The test is in the plural. It is addressed to the creditor body as a whole, not to a single creditor whose position may conflict with the positions of others.[16]

18.    IBCP cannot meet this burden. The facts before this Court establish that IBCP's pre-petition conduct harmed at least three other secured creditors (Westshore Bank, ChoiceOne Bank, and 4Front Credit Union), the pre-petition trade-creditor body, and the Debtors' employees. Continuing the receivership after the Chapter 11 filing would compound that harm by maintaining the custodial framework that IBCP itself created, *ex parte*, for its own benefit. No court has held that § 543(d) excuse is appropriate where the receivership was obtained by a single creditor and the movant is that same creditor.[17]

19.    The § 543(d) inquiry is fact-intensive and addresses the comparative positions of all creditors, not just the movant. Doc. 21 does not address any of this. It does not analyze the positions of Westshore, ChoiceOne, 4Front, LMCU, or the trade creditors. It cannot, because IBCP's interests are adverse to those of the broader creditor body.

## D. Equitable Considerations Foreclose IBCP's Request (In the Alternative)

20.    Section 543(d) is framed in discretionary, equitable terms: the Court "may excuse compliance." 11 U.S.C. § 543(d)(1). Equitable relief requires equitable conduct by the movant, "based on the principal that hewho comes into equity must come with clean hands."

---

[16] 11 U.S.C. § 543(d)(1). The plural ("creditors") and the conjunction ("and... equity security holders") are textually unambiguous. A single-creditor benefit is not the statutory test.

[17] *In re Packard Square LLC* (cited in the Motion to Strike) addresses the Michigan-receivership context directly. Polderman is a Michigan receiver and IBCP's relationship to the receivership originated in Michigan state court proceedings.

21.     IBCP's pre-petition conduct disqualifies it from equitable relief. The September 2025 sweep of commingled cash collateral, the *ex parte* receivership application filed within hours of Mr. Leestma's declination to consent, the coordinated pre-petition engineering of the receivership as a precursor to a creditor-driven liquidation, and the continuing single-creditor orientation of the receivership — all of which are documented in the Adversary Complaint — each independently would support denial of discretionary relief. Taken together they are dispositive.

**WHEREFORE,** the Debtors respectfully request that this Court enter an Order: (i) denying the Receiver's Motion to Excuse; and (ii) granting such other and further relief as the Court deems just and proper.

Dated: April 22, 2026.

Respectfully submitted,

*/s/ David S. Jennis*

David S. Jennis, Esq.
Florida Bar No. 0775940
**JENNIS MORSE**
606 East Madison Street
Tampa, Florida 33602
Telephone: (813) 229-2800
Email: djennis@jennismorse.com
*Lead Counsel for Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished, via CM/ECF electronic service to the parties receiving service via CM/ECF in the ordinary course of business on this 22nd day of April, 2026.

*/s/ David S. Jennis*
David S. Jennis