**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

| | |
|---|---|
| LEESTMA MANAGEMENT, LLC, | Case No. 8:26-bk-02696-CED [Lead] |
| ADELAIDE POINTE QOZB, LLC, | Case No. 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS SERVICES, LLC, | Case No. 8:26-bk-02699-CED |
| ADELAIDE POINTE BUILDING 1, LLC, | Case No. 8:26-bk-02700-CED |
| WATERLAND BATTLE CREEK, LLC, | Case No. 8:26-bk-02701-CED |
| Debtors. | Chapter 11 |
| _____/ | (Jointly Administered) |

**DEBTORS' RENEWED EMERGENCY MOTION**
**FOR PARTIAL TURNOVER OF WAREHOUSES AND**
**BOATER SERVICES BUILDING UNDER 11 U.S.C. SECTION 543(b)**

Through this renewed emergency motion the Debtors seek partial turnover of two assets presently held by the State-Court Receiver: (i) the Adelaide Pointe warehouse complex (approximately 225,000 square feet of multi-tenant industrial and commercial space) and (ii) the boater services building (approximately 4,764 square feet). The Debtors do not, in this Motion, seek turnover of the Adelaide Pointe Building 1 condominium project, which the Debtors and their proposed chief restructuring officers ("CRO") will address separately.

The renewed turnover sought serves a single operational purpose: placing the warehouse and boater services assets under the unified professional management of US Marina Group, LLC ("USMG").  Impacted secured creditors 4Front Credit Union, ChoiceOne Bank and West Shore Bank have stated consent to the Debtor's management and believe the integrated campus should function as a single economic system.

**Jurisdiction, Venue, and Statutory Predicates**

1

1. On April 1, 2026 (the "Petition Date"), the Debtors filed their respective voluntary petitions under chapter 11 of the Bankruptcy Code.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Sections 157 and 1334. This is a core proceeding under 28 U.S.C. Section 157(b)(2)(A) and (E). Venue is proper under 28 U.S.C. Sections 1408 and 1409. The statutory predicates are 11 U.S.C. Sections 105(a), 543(a), 543(b)(1), 543(b)(2), 543(d)(1), and 363(c)(2).

**Factual Background**

**A. The Two Assets and IBCP's Current Real Exposure.**

3. The Adelaide Pointe warehouse complex consists of approximately 225,000 square feet of multi-tenant industrial and commercial space operating at approximately 87% occupancy and generating approximately $1,200,000 of net operating income annually. The boater services building consists of approximately 4,764 square feet of completed and operating commercial space with tenants including Freedom Boat Club and a Muskegon County Sheriff's Office substation.

4. Independent Bank Corporation ("IBCP") claims to hold first-priority mortgages on both assets in the approximate aggregate amount of $9,375,000 (warehouses $7,900,000; boater services $1,475,000). Approximately 75% of each loan principal amount is guaranteed by the United States Department of Agriculture's Business and Industry program. The Debtor's believe that as a result of such USDA guarantees IBCP's actual at-risk exposure on the two assets, after the USDA guarantees, is approximately $2,344,000.

**B. USMG's Pending Engagement and Conditional Creditor Support.**

5. Contemporaneously with the filing of this Motion, the Debtors are filing the Application to Employ US Marina Group, LLC under 11 U.S.C. Sections 363(b) and 327(a).

USMG is a Florida limited liability company specializing in professional marina and waterfront-property management. USMG's compensation under the proposed Marina Management Agreement dated March 26, 2026 is a 3% revenue-based management fee with an $8,000-per-month minimum.

6.      The Debtors' management team believes that 4Front Credit Union, ChoiceOne Bank, and West Shore Bank have indicated, through their respective counsel and/or representatives, that they support unified professional management of the integrated Adelaide Pointe campus by USMG as a condition of any support of the Debtors' restructuring. The Debtors hope that each of these three secured creditors will file some statement of support, non-objection, or appearance at any hearing in support of the relief requested.  The Debtors suggest that Independent Bank and the Receiver also understand the necessity of this as evidenced by the Receiver's attempts to expand the receivership to affiliated non-Debtor property citing the need for integrated management.

## C.  The Receiver Lacks Marina-Property-Management Expertise.

7.      The Debtors submit the appointed State-Court Receiver, John Polderman ("Receiver"), is not a professional property manager, much less a marina-property manager or a professional manager of integrated waterfront commercial campuses. By contrast, USMG's principals operate marina and waterfront properties as their primary business. The integrated Adelaide Pointe campus ("Campus") operates as a single waterfront commercial system in which the warehouses, boater services building, marinas, and multi-use building share tenant relationships, customer flows, and operational infrastructure. Professional management of an integrated waterfront commercial campus is a specialty. USMG has it, the Receiver does not.

## D.  Documented Operational Failures Under the Receiver.

8.       Since the Receiver's appointment on February 1, 2026, the Campus has experienced what the Debtors believe are documented operational failures including: (a) bouncing of payroll on at least one occasion; (b) failure to remit federal trust-fund payroll taxes withheld from employee paychecks; (c) failure to pay critical campus utility bills, resulting in shut-off notices and at least one actual shut-off; (d) near-cancellation of the campus insurance program due to unpaid premiums; (e) failure to pay employee health-insurance premiums deducted from employee paychecks, with affected employees reporting coverage problems directly; and (f) acceptance of a below-market condominium purchase offer approximately $300,000 below comparable in-building closed sale values, averted only after intervention from the Debtors' principal.

## E.  The Receiver Has Used the Cash Collateral of 4Front and ChoiceOne Without Consent or Court Authorization.

9.       The Debtors submit that the Court should view the Receiver's most consequential operational error as a violation of federal law. Since his appointment on February 1, 2026, the Receiver has applied the cash collateral of 4Front Credit Union (secured by the wet marina) and ChoiceOne Bank (secured by the dry marina) to or for the benefit of IBCP and the Receivership estate, without the consent of any creditor and without filing a motion seeking an order of this Court authorizing the use of cash collateral. While the Court has authorized by oral ruling to the use of cash collateral with the Debtors' agreement, Section 363(c)(2) prohibits the use of cash collateral without consent or Court authorization. See 11 U.S.C. Section 363(c)(2). Neither has been obtained. The Debtors are addressing the Receiver's cash collateral diversion in a separately filed motion. The fact that it has occurred at all - and that it has continued for approximately three months - is direct evidence that the Receiver may not understand his obligations under the Bankruptcy Code or the order appointment him.  The Receiver obviously does not regard those

obligations as binding. Either way, his continued administration of additional assets is contrary to the interests of the very creditors whose cash collateral he has been diverting.

**F.  The Receiver's Inability to Produce a Reliable Budget.**

10.     On April 15, 2026, the Receiver filed a four-month cash-flow budget at ECF No. 37-1, Exhibit 1, projecting a cumulative cash deficit at the receivership estate of approximately $300,000 over the April-July 2026 window. Subsequent to that filing, the Receiver and IBCP have represented to this Court that the Receivership's actual monthly cash need is approximately $15,000 to $50,000 per month. The two representations are materially inconsistent on the same operational record. The approximately $250,000 difference is unexplained. Any receiver who cannot produce a reliable budget for the assets in his care cannot credibly contend that the interests of creditors are better served by his continued administration as custodian.

**Argument**

**I.  Turnover Is the General Rule; Excuse Is the Exception.**

11.     In connection with this motion and the Receiver's request to excuse turnover Section 543(b)(1) provides that a custodian "shall ... deliver to the trustee any property of the debtor." 11 U.S.C. Section 543(b)(1). The Bankruptcy Court for the Middle District of Florida has held this turnover duty is *"absolute,"* subject only to the Court's discretionary authority to excuse compliance under Section 543(d)(1). *Matter of Property Management & Investments, Inc.,* 17 B.R. 728, 730-31 (Bankr. M.D. Fla. 1982). Section 543(d)(1) permits this Court to excuse turnover only "if the interests of creditors and, if the debtor is not insolvent, of equity security holders would be better served by permitting a custodian to continue in possession." 11 U.S.C. Section 543(d)(1). The party seeking to excuse turnover bears the burden of establishing, by a preponderance of the

5

evidence, that the interests of creditors are better served by leaving the property with the custodian. *In re Skymark Properties II, LLC,* 597 B.R. 391, 396 (Bankr. E.D. Mich. 2019). The default position is turnover; "reorganization policy generally favors turnover of business assets to the debtor in a Chapter 11 case." *Id.* The Section 543(d)(1) inquiry's "paramount and sole concern is the interests of all creditors." *Id.* (emphasis added). The Debtors submit that IBCP's counsel's comments regarding the precedential value of Judge Pasky's decision were misleading at best.

## II. The Interests of All Secured Creditors Are Better Served by Turnover of the Two Assets to USMG.

12. The Debtors submit that four points decisively favor turnover as requested.

**First, USMG is materially more qualified than the Receiver.** USMG's principals are professional marina and waterfront-property managers. The integrated Adelaide Pointe campus operates as a single waterfront commercial system; professional management of such a campus is a specialty USMG possesses and the Receiver does not.

**Second, the Receiver's documented operational failures injure creditors.** The failures listed in paragraph 7 above - bounced payroll, unremitted payroll taxes, unpaid utility bills, near-cancellation of campus insurance, unpaid employee health-insurance premiums, and acceptance of a below-market condominium offer - are concrete harms to the campus's tenant relationships, employee morale, vendor relationships, and ultimately the value of every secured creditor's collateral. None of these failures occurred at the campus before the Receiver's appointment.

**Third, the Receiver's use of 4Front and ChoiceOne cash collateral demonstrates that he is not even administering the assets within his care in compliance with federal law.** Section 363(c)(2) is unambiguous: cash collateral cannot be used without consent or Court authorization.

The Receiver has obtained neither. He has nonetheless applied the cash collateral of two secured creditors for approximately three months. The Section 543(d)(1) inquiry asks whether leaving additional assets with the Receiver would better serve the interests of creditors. A receiver who is presently violating Section 363(c)(2) as to two creditors should not be entrusted with assets that affect those same creditors and others.

**Fourth, three of the four major non-IBCP secured creditors support unified USMG management.** 4Front Credit Union, ChoiceOne Bank, and West Shore Bank - holding an aggregate face balance of approximately $16,860,000 (or $4,215,000 after considering USDA guarantees) - have each indicated their support for USMG. The Section 543(d)(1) test is, by its terms, an interests-of-all-creditors test. The interests of three of four non-IBCP major secured creditors point unambiguously to USMG. By contrast, IBCP's actual at-risk exposure on the two assets after the USDA guarantees is approximately $2,344,000 - roughly one-half the size of the non-IBCP supportive block. The Section 543(d)(1) calculus is not close.

## III.  Partial Turnover Is Operationally Necessary; Continued Receiver Administration of These Two Assets Defeats USMG's Stabilization of the Campus.

13.     If the warehouses and boater services building remain with the Receiver while USMG manages the wet marina (under manager-member engagement of Adelaide Pointe Wet Marina, LLC), the dry marina (under the contemporaneous USMG Employment Motion), and the multi-use building (under support from West Shore Bank), the integrated cash management infrastructure that the campus depends on cannot operate coherently. Tenants and customers move across the campus without regard to which entity owns which parcel. Merchant-processing, utility services, security, and marketing are campus-wide functions. A campus operated by two managers under two reporting structures is operationally inferior to a campus operated by one. The Section

7

543(d)(1) inquiry into the interests of all creditors must account for this operational reality. Continued Receiver administration of the warehouses and boater services building does not preserve some Receiver-administered value alongside USMG management; it actively defeats USMG's ability to stabilize the campus that all five secured creditors depend on for their collateral value.

WHEREFORE, the Debtors respectfully request that this Court enter an order (i) Compelling the State-Court Receiver to deliver to the Debtors-in-Possession custody, control, books, records, keys, security credentials, tenant ledgers, lease files, vendor accounts, software credentials, bank-account access credentials, and all other indicia of operational and administrative control of (a) the Adelaide Pointe warehouse complex and (b) the Adelaide Pointe boater services building, (ii) directing the Receiver to file with this Court within seven (7) days of entry of the order a verified accounting of all rents, fees, payments, and other receipts attributable to the warehouses or the boater services building since February 1, 2026, and all disbursements, transfers, or applications of such receipts, (iii) reserving without prejudice (a) the Debtors' right to seek turnover of the Adelaide Pointe Building 1 condominium project and any other property of the estates in the Receiver's possession through one or more subsequent motions; and (b) all other rights of the Debtors and all parties in interest with respect to the Receiver's administration of the estates, and (iv) granting such other and further relief as the Court deems just and proper.

Dated: April 29, 2026.

Respectfully submitted,

/s/ *David S. Jennis*
David S. Jennis
Florida Bar No. 775940
Jennis Morse

606 East Madison Street
Tampa, FL 33602
Telephone: (813) 229-2800
djennis@jennislaw.com
Counsel for Debtors-in-Possession

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF on all parties registered to receive electronic notice in this case and via U.S. Mail, postage prepaid to those parties identified on the attached L.B.R. 1007-2 Parties in Interest List that do not receive service via CM/ECF in the ordinary course of business on this 29th day of April, 2026.

/s/ *David S. Jennis*
David S. Jennis

Label Matrix for local noticing
113A-8
Case 8:26-bk-02696-CED
Middle District of Florida
Tampa
Wed Apr 29 13:32:43 EDT 2026

4Front Credit Union
c/o David A. Lerner, Esq.
Plunkett Cooney
38505 Woodward Ave - Suite 100
Bloomfield Hills, MI 48304-5096

City of Muskegon
c/o Marc N. Swanson
Miller, Canfield, Paddock and Stone
150 West Jefferson, Suite 2500
Detroit, MI 48226-4432

Independent Bank
c/o Attn: Jeffrey W. Warren, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913

Independent Bank
c/o Attn: Kathleen L. DiSanto, Esq.
Bush Ross, P.A.
Post Office Box 3913
Tampa, FL 33601-3913

Independent Bank
c/o Jeffrey W. Warren, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Michigan Credit Union
c/o Hill Ward Henderson, P.A.
101 East Kennedy Boulevard
Suite 3700
Tampa, FL 33602-5195

End of Label Matrix
Mailable recipients     6
Bypassed recipients     0
Total                   6

Label Matrix for local noticing
113A-8
Case 8:26-bk-02698-CED
Middle District of Florida
Tampa
Wed Apr 29 13:33:19 EDT 2026

2025 Winter Property Taxes
173 E. Apple Avenue
Muskegon, MI 49442-3676

4Front Credit Union
c/o David A. Lerner, Esq.
Plunkett Cooney
38505 Woodward Avenue - Suite 100
Bloomfield Hills, MI 48304-5096

Accurate Income Tax
3105 Henry Street
Muskegon, MI 49441-4017

American Express
PO Box 981535
El Paso, TX 79998-1535

Brickley DeLong
316 Morris Avenue
Suite 500
Muskegon, MI 49440-1150

Citizen Financial Services
One Citizens Plaza
Providence, RI 02903-1344

EXXEL Engineering
5252 Clyde Park Ave SW
Grand Rapids, MI 49509-9788

Forklift Exchange
116 W. Hubbard Street
Chicago, IL 60654-8542

Freed & Viereck
1061 N. Robinhood Drive
Muskegon, MI 49445-2083

Independent Bank
c/o Jeffrey W. Warren, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Independent Bank
c/o Kathleen L. DiSanto, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Moore & Bruggink
2020 Monroe Ave NW
Grand Rapids, MI 49505-6298

Oscar Larson
Adelaid Pointe QOZB
10100 Dixie Hwy
Clarkston, MI 48348-2414

Pubic Finance Authority
22 E. Mifflin Street
Suit 900
Madison, WI 53703-4247

Red Line Excavating
4277 1/2 Blue Star Highway
Holland, MI 49423

Ryan Leestma
1900 Gulf Drive North
Unit 7
Bradenton Beach, FL 34217-2384

Smith Haughey
900 3rd St.
Suite 204
Muskegon, MI 49440-1152

Soils & Structures
6480 Grand Haven Road
Muskegon, MI 49441-6060

Source One Digital
1137 N. Gateway Blvd.
Muskegon, MI 49441-6099

State of Michigan
PO Box 30458
Lansing, MI 48909-7958

Taft Stettinius & Hollister LLP
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8222

Versatile Fabrication
2708 9th Street
Muskegon, MI 49444-1945

Westmaas
3025 Sangra Ave. SW
Grandville, MI 49418-1153

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23

Label Matrix for local noticing
113A-8
Case 8:26-bk-02699-CED
Middle District of Florida
Tampa
Wed Apr 29 13:28:19 EDT 2026

4Front Credit Union
c/o David A. Lerner, Esq.
Plunkett Cooney
38505 Woodward Ave - Suite 100
Bloomfield Hills, MI 48304-5096

(p)AF GROUP
ATTN GEOFFREY PAVLIC
200 N GRAND AVE
LANSING MI 48933-1228

Accurate Income Tax
3105 Henry Street
Muskegon, MI 49441-4017

American Express
PO Box 981535
El Paso, TX 79998-1535

Brickley DeLong
316 Morris Avenue
Suite 500
Muskegon, MI 49440-1150

Dockwa
1 Commercial Wharf
Newport, RI 02840-3043

EXXEL Engineering
5252 Clyde Park Ave SW
Grand Rapids, MI 49509-9788

Forklift Exchange
116 W. Hubbard Street
Chicago, IL 60654-8542

Freed & Viereck
1061 N. Robinhood Drive
Muskegon, MI 49445-2083

Greenridge Realty
3115 Orchard Vista Dr.  SE
Grand Rapids, MI 49546-7088

ICW - Workers Comp Ins.
15025 Innovation Drive
San Diego, CA 92128-3455

Independent Bank
c/o Jeffrey W. Warren, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Independent Bank
c/o Kathleen L. DiSanto, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Oscar Larson
Adelaid Pointe QOZB
10100 Dixie Hwy
Clarkston, MI 48348-2414

Public Finance Authority
22 E. Mifflin Street
Suit 900
Madison, WI 53703-4247

Ryan Leestma
1900 Gulf Drive North
Unit 7
Bradenton Beach, FL 34217-2384

Sanisweep
3450 River Hill Drive NW
Grand Rapids, MI 49534-9020

Smith Haughey
900 3rd St.
Suite 204
Muskegon, MI 49440-1152

Soils & Structures
6480 Grand Haven Road
Muskegon, MI 49441-6060

State of Michigan
PO Box 30458
Lansing, MI 48909-7958

Taft Stettinius & Hollister LLP
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8222

Versatile Fabrication
2708 9th Street
Muskegon, MI 49444-1945

Waterway Guide
PO Box 419
Midothian, VA 23113-0419

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AF Group
200 N. Grand Avenue
Lansing, MI 48933

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23

Label Matrix for local noticing
113A-8
Case 8:26-bk-02700-CED
Middle District of Florida
Tampa
Wed Apr 29 13:29:11 EDT 2026

4Front Credit Union
c/o David A. Lerner, Esq.
Plunkett Cooney
38505 Woodward Avenue - Suite 100
Bloomfield Hills, MI 48304-5096

Accurate Income Tax
3105 Henry Street
Muskegon, MI 49441-4017

American Express
PO Box 981535
El Paso, TX 79998-1535

Brickley DeLong
316 Morris Avenue
Suite 500
Muskegon, MI 49440-1150

Citizen Financial Services
One Citizens Plaza
Providence, RI 02903-1344

EXXEL Engineering
5252 Clyde Park Ave SW
Grand Rapids, MI 49509-9788

Forklift Exchange
116 W. Hubbard Street
Chicago, IL 60654-8542

Freed & Viereck
1061 N. Robinhood Drive
Muskegon, MI 49445-2083

Greenridge Realty
3115 Orchard Vista Dr. SE
Grand Rapids, MI 49546-7088

ICW - Workers Comp Ins.
15025 Innovation Drive
San Diego, CA 92128-3455

Independent Bank
c/o Kathleen L. DiSanto, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Independent Bank
c/o Jeffrey W. Warren, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Moore & Bruggink
2020 Monroe Ave NW
Grand Rapids, MI 49505-6298

Oscar Larson
Adelaid Pointe QOZB
10100 Dixie Hwy
Clarkston, MI 48348-2414

Public Finance Authority
22 E. Mifflin Street
Suit 900
Madison, WI 53703-4247

Smith Haughey
900 3rd St.
Suite 204
Muskegon, MI 49440-1152

Soils & Structures
6480 Grand Haven Road
Muskegon, MI 49441-6060

Source One Digital
1137 N. Gateway Blvd
Muskegon, MI 49441-6099

State of Michigan
PO Box 30458
Lansing, MI 48909-7958

Taft Stettinius & Hollister LLP
27777 Franklin Road
Suite 2500
Southfield, MI 48034-8222

Versatile Fabrication
2708 9th Street
Muskegon, MI 49444-1945

Waterway Guide
PO Box 419
Midothian, VA 23113-0419

Westmaas
3025 Sangra Avenue SW
Grandville, MI 49418-1153

End of Label Matrix
Mailable recipients    23
Bypassed recipients     0
Total                  23

Label Matrix for local noticing
113A-8
Case 8:26-bk-02701-CED
Middle District of Florida
Tampa
Wed Apr 29 13:29:38 EDT 2026

4Front Credit Union
c/o David A. Lerner, Esq.
Plunkett Cooney
38505 Woodward Avenue - Suite 100
Bloomfield Hills, MI 48304-5096

Battle Creek City Treasurer
10 N. Division Street
Battle Creek, MI 49014-4061

Bradley Company
220 Lyon Street NW
Suite 400
Grand Rapids, MI 49503-2217

Clean Team Inc.
224 N. 30th St
Battle Creek, MI 49037-7978

Griffin Pest Solutions, Inc.
2700 Stadium Drive
Kalamazoo, MI 49008-1613

Independent Bank
4200 East Beltline Avenue
Grand Rapids, MI 49525-9783

Independent Bank
c/o Jeffrey W. Warren, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Independent Bank
c/o Kathleen L. DiSanto, Esq.
Bush Ross, P.A.
P.O. Box 3913
Tampa, FL 33601-3913

Indusco Supply Company, Inc.
3645 E. Cork Street
Kalamazoo, MI 49001-4644

US Department of Interior
1849 C Street, N.W.
Washington, DC 20240-0001


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(d)Independent Bank Corporation
4200 East Beltline Avenue
Grand Rapids, MI 49525-9783

End of Label Matrix
Mailable recipients     10
Bypassed recipients      1
Total                   11