UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| LEESTMA MANAGEMENT, LLC | Case No.: 8:26-bk-02696-CED |
| ADELAIDE POINTE QOZB, LLC | Case No.: 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS | |
| SERVICES, LLC | Case No.: 8:26-bk-02699-CED |
| ADELAIDE POINTE BUILDING 1, LLC | Case No.: 8:26-bk-02700-CED |
| WATERLAND BATTLE CREEK, LLC | Case No.: 8:26-bk-02701-CED |

     Debtors**.**

Chapter 11
*Jointly Administered*

_____/

## STATE COURT APPOINTED RECEIVER'S APPLICATION FOR APPROVAL OF EMPLOYMENT OF COUNSEL AND AUTHORIZATION OF COMPENSATION EFFECTIVE AS OF THE PETITION DATE

The State Court Appointed Receiver, John Polderman, as custodian under 11 U.S.C. § 101(11) (the "Receiver/Custodian"), respectfully files this Application for Approval of Employment of Counsel and Authorization of Compensation Effective as of the Petition Date (the "Application"), and states:

### Background Facts

1. On April 1, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code (Jointly Administered with: 26-bk-02698; 26-bk-02699; 26-bk-02700; 26-bk-02701).

2. The Receiver/Custodian was appointed by the Hon. Curt A. Benson of the Kent County Circuit Court, State of Michigan, on January 30, 2026 in *Independent Bank v. Adelaide Pointe Boaters Services, LLC, et al.*, Case No. 25-20760-CBB.

3. Pursuant to the Order Appointing Receiver, the Receiver/Custodian was authorized to take possession, custody, and control of the Receivership Assets; preserve, manage, maintain,

secure, and operate the Receivership Estate; collect and administer revenues and assets; investigate and pursue claims relating to the Receivership Assets; retain professionals as necessary; prepare reports and accountings; and, subject to court approval, market, sell, and liquidate Receivership Assets for the benefit of creditors and parties in interest.

4.      Upon commencement of these bankruptcy cases, the Receiver/Custodian became a "custodian" within the meaning of 11 U.S.C. § 101(11) and became subject to the obligations imposed by 11 U.S.C. § 543. The Receiver/Custodian has not yet turned over the Receivership Assets and has sought relief from the turnover requirements under 11 U.S.C. § 543(d). Pending resolution of those issues, the Receiver/Custodian has continued to preserve and maintain the Receivership Assets and cooperate with parties in interest concerning administration of the estate.

5.      On April 13, 2026, the Receiver/Custodian filed an Expedited Motion of State Court Appointed Receiver to Excuse Receiver from Turnover Provisions and Suspend the Bankruptcy Case (Doc. No. 18).

6.      On April 14, 2026, the Debtors filed a Motion for Turnover of Receivership Property (Doc. No. 26).

7.      On May 8, 2026, the Court held a continued hearing on the State Court Appointed Receiver's Motion to Excuse Receiver from Turnover Provisions and Suspend the Bankruptcy Case.

8.      At the May 8, 2026 hearing, the Court authorized the Receiver/Custodian to remain in place on an interim basis pending further order of the Court ("Interim Order").  As of the date of this Application, the Interim Order has not yet been entered.

**Relief Requested**

9.      Given the Chapter 11 filing and the Interim Order, the Receiver/Custodian seeks approval to employ Alberto ("Al") F. Gomez, Jr. and Johnson Pope Bokor Ruppel & Burns, LLP ("Proposed Counsel") as bankruptcy counsel for the Receiver/Custodian effective as of the Petition Date.

10.      The Receiver/Custodian requires bankruptcy counsel to advise regarding obligations arising under the Bankruptcy Code, including issues concerning turnover, accounting, preservation of estate property, contested matters, compliance with Court orders, and administration of the Receivership Assets.

**Basis for Relief**

11.      Proposed Counsel possesses substantial experience in bankruptcy and insolvency matters, including representation of trustees, receivers, custodians, secured creditors, and other fiduciaries in bankruptcy proceedings, and is well qualified to represent the Receiver/Custodian in these Chapter 11 cases.

12.      To the best of the Receiver/Custodian's knowledge, Proposed Counsel (a) does not hold or represent an interest adverse to the estate with respect to the matters upon which it is to be employed; and (b) is a disinterested person within the meaning of 11 U.S.C. § 101(14).

13.      In support of this Application, Proposed Counsel has submitted the Affidavit of Disinterestedness attached as Exhibit "A" pursuant to Federal Rule of Bankruptcy Procedure 2014.

14.      Proposed Counsel's compensation will be based upon customary hourly billing rates. Currently, Alberto ("Al") F. Gomez, Jr.'s hourly rate is $550.00 per hour, and legal assistant time is billed at hourly rates ranging from $180.00 to $225.00, depending upon the legal assistant involved. Proposed Counsel received a retainer in the amount of $15,000.00 in connection with

the engagement. Any compensation paid to Proposed Counsel shall remain subject to approval by this Court pursuant to the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and applicable Local Rules.

15.    The Receiver/Custodian may seek allowance of fees and costs incurred postpetition, including fees incurred by counsel for the Receiver/Custodian, as administrative expenses pursuant to 11 U.S.C. § 503, subject to further order of this Court.

16.    The Receiver/Custodian requests authorization to compensate Proposed Counsel for professional services rendered and reimbursement of actual and necessary expenses incurred, subject to further order of this Court, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

WHEREFORE, the Receiver/Custodian respectfully requests entry of an Order approving the employment of Alberto ("Al") F. Gomez, Jr. and Johnson Pope Bokor Ruppel & Burns, LLP as counsel for the Receiver/Custodian effective as of the Petition Date, authorizing compensation as requested herein, subject to final allowance under 11 U.S.C. §§ 330 and 331, and granting such other and further relief as this Court deems just and proper.

Dated:  May 14, 2026

Respectfully submitted,

Stevenson & Bullock, P.L.C.

/s/ John W. Polderman
John W. Polderman (P65720)
Court Appointed Receiver
26100 American Drive, Ste. 500
Southfield, MI 48034
(248) 354-7906

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr. (FBN: 784486)

400 North Ashley Drive
Suite 3100
Telephone:      813-225-2500
Facsimile:      813-223-7118
Email: AL@JPFirm.com
*Attorneys for John Polderman, Receiver*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Application has been furnished either by the Court's CM/ECF system or by regular U.S. Mail to the Office of the United States Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602; David S. Jennis, Jennis Morse, 606 East Madison Street, Tampa, FL 33602, Email: djennis@jennislaw.com; Kathleen DiSanto, Bush Ross, P.A., PO Box 3913, Tampa, FL 33601, Email: kdisanto@bushross.com; Jeffrey Warren, Email: jwarren@bushross.com; all parties registered to receive electronic notices via CM/ECF in this case; and via U.S. Mail to: Leestma Management, LLC, 1900 Gulf  Drive North, Unit 7, Bradenton, FL 34217 on May 14, 2026.

JOHNSON, POPE, BOKOR,
RUPPEL & BURNS, LLP

/s/ Alberto F. Gomez, Jr.
Alberto F. Gomez, Jr. (FBN: 784486)
400 North Ashley Drive
Suite 3100
Telephone:      813-225-2500
Facsimile:      813-223-7118
Email: AL@JPFirm.com
Counsel for Receiver/Custodian