UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| LEESTMA MANAGEMENT, LLC | Case No.: 8:26-bk-02696-CED |
| ADELAIDE POINTE QOZB, LLC | Case No.: 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS | |
| SERVICES, LLC | Case No.: 8:26-bk-02699-CED |
| ADELAIDE POINTE BUILDING 1, LLC | Case No.: 8:26-bk-02700-CED |
| WATERLAND BATTLE CREEK, LLC | Case No.: 8:26-bk-02701-CED |

       Debtors**.**

Chapter 11
*Jointly Administered*

_____/

**AFFIDAVIT OF PROPOSED ATTORNEY IN SUPPORT OF APPLICATION
TO EMPLOY COUNSEL FOR RECEIVER/CUSTODIAN**

STATE OF FLORIDA          )
COUNTY OF HILLSBOROUGH   )

Alberto ("Al") F. Gomez, Jr., Esq., being duly sworn according to law upon his oath, deposes and says:

1.      I am a Shareholder of, and attorney employed by, Johnson, Pope, Bokor, Ruppel & Burns, LLP ("Johnson Pope"), proposed counsel to John Polderman, solely in his capacity as State Court Appointed Receiver and custodian (the "Custodian") in the above-captioned Chapter 11 cases.

2.      I am duly authorized to practice law in the State of Florida and to appear before the United States Bankruptcy Court for the Middle District of Florida.

3.      This Affidavit is submitted pursuant to 11 U.S.C. §§ 327, 328, and 329, and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure in support of the Custodian's Application for Approval of Employment of Counsel.

4.      Johnson Pope has been requested to represent the Custodian in connection with matters arising in these Chapter 11 cases, including issues concerning turnover under 11 U.S.C. § 543, administration of receivership property, contested matters, compliance with Court orders, and related proceedings.

5.      To the best of my knowledge, information, and belief, no attorney at Johnson Pope holds or represents any interest adverse to the Debtors' estates with respect to the matters upon which Johnson Pope is to be employed.

6.      To the best of my knowledge, information, and belief, Johnson Pope is a "disinterested person" within the meaning of 11 U.S.C. § 101(14).

7.      In preparing this Affidavit, I reviewed the Debtors' bankruptcy petitions, schedules, creditor information presently available, and pleadings filed in these Chapter 11 cases. I also compared such information with the information contained in Johnson Pope's conflict check system.

8.      The facts stated in this Affidavit concerning Johnson Pope's relationships with the Debtors, creditors, parties in interest, attorneys, accountants, and other professionals are based upon the results of our review of the Firm's conflict check system and communications with attorneys and staff involved in this matter.

9.      Johnson Pope was retained by the Custodian in connection with matters arising in these Chapter 11 cases, including issues concerning turnover under 11 U.S.C. § 543, administration of receivership property, contested matters, and related proceedings. Johnson Pope did not represent the Custodian in the underlying state court receivership proceeding prior to the Petition Date.

10. To the best of my knowledge, information, and belief, neither I nor any attorney at Johnson Pope has any connection with the Debtors, creditors, parties in interest, their respective attorneys or accountants, the United States Trustee, or any person employed by the Office of the United States Trustee, except as disclosed herein.

11. No attorney at Johnson Pope holds any direct or indirect equity interest in the Debtors or any right to acquire such an interest.

12. No attorney at Johnson Pope is or has served as an officer, director, manager, member, employee, or insider of any Debtor.

13. Johnson Pope does not represent Independent Bank in these Chapter 11 cases and represents the Custodian solely in his capacity as state-court-appointed receiver/custodian.

14. Pursuant to the engagement agreement dated April 10, 2026, Johnson Pope received a retainer in the amount of $15,000.00 in connection with this engagement. Any compensation paid to Johnson Pope remains subject to approval of this Court.

15. Current hourly rates for professionals expected to provide services in this matter include Alberto ("Al") F. Gomez, Jr., Shareholder, at $550.00 per hour. Legal assistant time is billed at hourly rates ranging from $180.00 to $225.00, depending upon the legal assistant involved. Other attorneys or paraprofessionals may provide limited assistance regarding this representation and will bill at their customary hourly rates.

16. Johnson Pope intends to seek reimbursement of actual and necessary expenses incurred in connection with this representation in accordance with the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, Local Rules, and applicable orders of this Court.

17.    Applications for compensation and reimbursement of expenses will be submitted in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

18.    Johnson Pope will supplement this Affidavit promptly if any additional material facts or connections are discovered.

FURTHER AFFIANT SAITH NOT.

_____
ALBERTO ("AL") F. GOMEZ, JR.

Before me, on May 14, 2026, the undersigned, personally appeared ALBERTO F. GOMEZ, JR., being first fully sworn, and who is personally known to me, who did/did not take an oath, deposes and says that the foregoing statements contained herein are true to the best of his knowledge and belief.

My Commission No.:
My Commission Expires:

ANDRENA WESTCOTT
Notary Public - State of Florida
Commission # HH 364198
My Comm. Expires Mar 20, 2027
Bonded through National Notary Assn.

_____
NOTARY PUBLIC

_Andrena Westcott_
PRINT NAME