**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

| | |
|---|---|
| LEESTMA MANAGEMENT, LLC | Case No.: 8:26-bk-02696-CED [Lead Case] |
| ADELAIDE POINTE QOZB, LLC | Case No.: 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS | |
| SERVICES, LLC | Case No.: 8:26-bk-02699-CED |
| ADELAIDE POINTE BUILDING 1, LLC | Case No.: 8:26-bk-02700-CED |
| WATERLAND BATTLE CREEK, LLC | Case No.: 8:26-bk-02701-CED |

Debtors.                      *Jointly Administered*

_____/

**INDEPENDENT BANK'S SUPPLEMENTAL OBJECTION IN**
**OPPOSITION TO DEBTORS' EMERGENCY MOTION FOR AN ORDER**
**(I) EXTENDING THE AUTOMATIC STAY UNDER 11 U.S.C. §362(a)**
**TO RYAN LEESTMA, OR ALTERNATIVELY (II) GRANTING A**
**PRELIMINARY INJUNCTION UNDER 11 U.S.C. §105(a) ENJOINING**
**INDEPENDENT BANK FROM PURSUING PERSONAL LIABILITY ACTIONS**

Independent Bank ("**Bank**"), by and through undersigned counsel, objects to the Debtors' Emergency Motion for an Order (I) Extending the Automatic Stay Under 11 U.S.C. §362(a) to Ryan Leestma, or Alternatively (II) Granting a Preliminary Injunction Under 11 U.S.C. §105(a) Enjoining Independent Bank from Pursuing Personal Liability Actions (Doc. No. 94) (the "**Motion**"), and in further support of its Opposition to Plaintiffs' Motion (Doc. No. 128) (the "**Objection**"), submits this supplemental objection (the "**Supplemental Objection**") as follows:

1.      Independent Bank ("**Bank**") fully incorporates its Objection herein by reference.  The purpose of this Supplemental Objection is to address the "parade of horribles" that Debtors assert will occur if a judgment is permitted to enter against non-debtor Ryan M. Leestma ("**Mr. Leestma**").

2.      Among other things, Debtors assert that permitting a judgment to enter against Mr. Leestma would allow the Bank to wrest immediate control of the entities in which Mr. Leestma holds an interest, including the Debtors.  The Debtors argue that a judgment against Mr. Leestma would then permit the Bank to frustrate the Debtors' bankruptcy rights by removing Mr. Leestma as the control person.   The Debtors' claims rely on a gross misrepresentation of the underlying facts and misunderstanding of the rights of a judgment creditor under Michigan law.  This Supplemental Objection addresses the Bank's rights as a judgment creditor.

3.      In the State Court matter against the Debtors, Mr. Leestma, and the Ryan M. Leestma Domestic Asset Protection Trust (the "**Trust**"), Circuit Court Judge Curt Benson has indicated that he intends to grant the Bank's Motion for Summary Disposition against Mr. Leestma and the Trust as it relates to their guaranty liability for the debts of the Debtors.[1] Following the entry of the judgment, and after a 21-day appeal period has expired and absent a continued injunction from this Court or an individual bankruptcy filing by Mr. Leestma, the Bank will be permitted to exercise its rights as a judgment creditor.

4.      Under Michigan law, a judgment creditor has a number of potential mechanisms through which it can collect on a judgment.  Most of these mechanisms are taken directly against the judgment debtor.[2]

---

[1] Contrary to Debtors' repeated claims, the Bank's Motion for Summary Disposition as to Mr. Leestma and the Trust was filed before the bankruptcy filings.  Mr. Leestma and the Trust filed a response to the Bank's Motion in State Court in which they did not deny liability, did not dispute the Bank's claims, and did not contest the amount of the requested judgment.

[2] For purposes of this Supplemental Objection, the Bank will focus only on Mr. Leestma, not the Trust.

5.      One mechanism is the garnishment of wages, bank accounts, rents or tax refunds.[3] Another mechanism is the seizure and sale of the judgment debtor's non-exempt assets – upon request of the creditor the court may issue an order to seize that directs the sheriff to seize and sells the debtor's assets and net sale proceeds are then paid to the judgment creditor to be applied to the judgment.[4] Yet another mechanism for collection is the filing of judgment liens against real estate owned by the debtor – upon request of the creditor the court clerk may certify a judgment lien that can be recorded against real estate that the debtor owns.[5] A judgment lien cannot be foreclosed, but if the real estate is sold the net sale proceeds will be paid to the judgment creditor and applied to the judgment.  And yet another mechanism for collection is the charging order.

6.      Under Michigan law, the charging order is an exclusive remedy for a creditor seeking payment from a judgment debtor's membership interest in a limited liability company.[6] The charging order, under Michigan law, only permits the creditor to directly collect any distributions payable to the debtor-member.  Importantly, the creditor cannot foreclose on the membership interest, cannot take control of the membership interest, and cannot vote the membership interest, even if the limited liability company has only one member.  The sole right the judgment creditor has to the debtors' membership interest is to collect any distributions that are otherwise payable by the LLC to the debtor.

7.      In addition to these protections under Michigan law, it is important to note that Mr. Leestma personally only holds an interest in one of the Michigan Debtor entities, which is a one percent (1%) interest in Debtor Adelaide Pointe QOZB, LLC.  The arguments of the

---

[3] *See* Mich. Comp. Laws § 600.4011.
[4] *See* Mich. Com. Laws § 600.4701 *et seq.*
[5] *See* Mich. Comp. Laws § 600.2801 *et seq.*
[6] *See* Mich. Comp. Laws § 450.4507.  Four of the five Debtors are Michigan limited liability companies.

8MG239702-Main Case Supplement.DOCX

Plaintiffs that a judgment can give the Bank immediate control of any Debtors that are Michigan limited liability companies are simply not true.

8.     Debtor Leestma Management is a Florida limited liability company.  Leestma Management is a single-member LLC, with Mr. Leestma holding 100% of its membership interests.

9.     Despite living in Michigan for many years (until he moved to Florida after the Receiver was appointed on January 30, 2026), Mr. Leestma formed Leestma Management as a Florida limited liability company in February 2016.[7]  Based on property records, Mr. Leestma transferred substantially all of the assets of Leestma Management (Michigan) to Leestma Management (Florida) in March 2018.

10.     Despite the differences between Michigan law and Florida law as it relates to judgment creditors' rights to a single-member LLC's membership interests, Mr. Leestma voluntarily decided to form a single-member Florida LLC and transfer assets located exclusively in Michigan to that entity.  Unlike Michigan, where most of Mr. Leestma's other entities were formed (including all other Debtors), Florida law permits a judgment creditor to foreclose on the membership interests of a single-member limited liability company.

11.     Under Florida law, if the Bank obtains a judgment against Mr. Leestma, it could obtain a charging order against Mr. Leestma's membership interest in Leestma Management, LLC.  If the judgment against Mr. Leestma is not satisfied, the Bank could seek to foreclose on Mr. Leestma's membership interest in that entity.[8]

---

[7] There are, in fact, two entities named Leestma Management, LLC.  The other Leestma Management, LLC, is a Michigan limited liability company formed in 2006 by Mr. Leestma's ex-wife, which is now believed to be owned by Mr. Leestma.  The Michigan Leestma Management is not a Debtor.

[8] *See* Fla. Stat. § 605.0503 (2025); *see also Olmstead v. FTC*, 44 So. 3d 76 (Fla. 2010).

4

12.	However, contrary to Debtors' extensive claims, Leestma Management is not the core of the Adelaide Pointe enterprise and does not have extensive holdings.  In fact, Leestma Management (Florida) owns only one percent (1%) of two of the other four Debtors.  Therefore, neither Mr. Leestma nor Leestma Management holds a controlling interest in any of the other Debtors.

13.	As it relates to the Bank potentially controlling Leestma Management, as reflected in Leestma Management's Schedules, that entity owns two office buildings in Michigan, along with personal property of limited value.

14.	One of those office buildings is the subject of a recently filed Motion to Lift Stay filed by creditor Stancorp.  Leestma Management is alleged to be in default of its obligations to Stancorp, and the office building is vacant and is not part of the Adelaide Pointe development.

15.	The other Leestma Management-owned office building, 401 Hall Street in Grand Rapids, Michigan, is also not part of the Adelaide Pointe development.  That building is collateral for an approximately $9.5 million loan between Leestma Management and Lake Michigan Credit Union.  All remaining equity in the Hall Street building is pledged as collateral for the indebtedness owing to the Bank.

16.	Cash flow generated from 401 Hall Street is insufficient to cover costs and expenses, debt service to Lake Michigan Credit Union, and debt service to the Bank.  Substantial property taxes are due in July, and the Bank has not received any debt service payments for months.

17.	Even if the Bank acquired a controlling interest in Leestma Management as a judgment creditor, it would have little, if any, impact on this bankruptcy proceeding.  After

5

all, the Receiver has control of Leestma Management and has been operating the Hall Street property along with a management company since February 1, 2026.

18.    The Debtors' exaggerated claims of financial damage to the Debtors if a judgment is permitted to enter against non-debtor Mr. Leestma are unsupported by the facts or the law.  As detailed above, Michigan law would not permit the Bank immediate control of Michigan entities in which Mr. Leestma has a controlling interest.

19.    While Florida law does permit judgment creditors to exert control over single-member limited liability companies, only Leestma Management is a Florida entity, and it holds no more than a one percent interest in any of the other Debtors.  Debtor Leestma Management's primary assets are two fully leveraged office buildings in Michigan unrelated to the Adelaide Pointe development.

20.    Plaintiffs are seeking extraordinary relief in an effort to shield Mr. Leestma from collection without providing any protection to his creditors.  Leestma Management's Statement of Financial Affairs reveals that Mr. Leestma received $789,550 of "management compensation" from April 2025 through January 2026.  Debtor Adelaide Pointe QOZB's Statement of Financial Affairs reveals that insider Mr. Leestma received $44,450 of distributions and expense reimbursement within one year of the bankruptcy filing.

21.    In September 2025, immediately before and after Independent Bank's lawsuit was filed, Mr. Leestma transferred ownership of three properties worth over $5 million from Ryan M. Leestma, individually, to Ryan M. Leestma and Emily Leestma, jointly, in an effort to frustrate creditors.  Additionally, Mr. Leestma's property at 1559 Glenwood Ave, Muskegon, Michigan, was recently listed for sale and is actively listed.

8MG239702-Main Case Supplement.DOCX

22.   Finally, as detailed in the Bank's Objection, Mr. Leestma previously relinquished his leadership role in the Debtors, a court-appointed Receiver controls the Debtors, and Debtors' own proposals presented to this Court include third parties managing and operating Debtors' assets.  There is no justification to grant the extraordinary relief sought by the Debtors, Mr. Leestma, and the Trust.

WHEREFORE, Independent Bank respectfully requests that the Court enter an order (i) sustaining the Objection, (ii) denying the Motion, and (iii) granting such other relief deemed just and proper.

Dated: May 21, 2026

*/s/Kathleen L. DiSanto*
BUSH ROSS P.A.
Jeffrey W. Warren
Florida Bar No.150024
Kathleen L. DiSanto
Florida Bar No. 58512
1801 North Highland Avenue
Tampa, Florida 33602-2656
Phone: (813) 224-9255
Email: kdisanto@bushross.com
Counsel for Independent Bank

*/s/Marc M. Bakst*
BODMAN PLC
Marc M. Bakst (P41575)
Darren J. Burmania (P68240)
1901 St. Antoine Street
6th Floor at Ford Field
Detroit, Michigan 48226
Phone: (313) 259-7777
Email: mbakst@bodmanlaw.com
       dburmania@bodmanlaw.com
Counsel for Independent Bank

7

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 21, 2026, I electronically filed a true and correct copy of the foregoing *Independent Bank's Supplemental Objection in Opposition to Debtors' Emergency Motion for an Order (I) Extending the Automatic Stay Under 11 U.S.C. §362(a) to Ryan Leestma, or Alternatively (II) Granting a Preliminary Injunction Under 11 U.S.C. §105(a) Enjoining Independent Bank from Pursuing Personal Liability Actions* with the Clerk of the United States Bankruptcy Court for the Middle District of Florida by using the CM/ECF system, and I furnished a copy of the foregoing document(s) to the following parties in the manner of service indicated below:

**<u>Via the CM/ECF system which will send a Notice of Electronic Filing to:</u>**

- **Charles W Azano**   chip.azano@gtlaw.com
- **Marc Bakst**   mbakst@bodmanlaw.com
- **Jessica Clemente**   jessica.clemente@hwhlaw.com, phil.khezri@hwhlaw.com
- **Kathleen DiSanto**   kdisanto@bushross.com, bnkecf@bushross.com;bankruptcy.eservice@bushross.com;kdisanto@ecf.courtdrive.com
- **Alberto F Gomez**   al@jpfirm.com, al@jpfirm.com;andrenaw@jpfirm.com;katherineb@jpfirm.com
- **Angela N Grewal**   angela.grewal@arlaw.com, jessica.bowers@arlaw.com;vicki.owens@arlaw.com;ari.martinez@arlaw.com;philip.navarro@arlaw.com
- **John B Hutton**   huttonj@gtlaw.com, MIALitDock@gtlaw.com;miaecfbky@gtlaw.com;perezan@gtlaw.com
- **David S Jennis**   djennis@jennislaw.com, ecf@jennislaw.com;karon@jennislaw.com;aschaefer@jennislaw.com
- **Rhys P Leonard**   rleonard@trenam.com, mmosbach@trenam.com;rleonard@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com;mwoods@trenam.com;mwoods@ecf.courtdrive.com
- **David A Lerner**   dlerner@plunkettcooney.com, nwinagar@plunkettcooney.com
- **Stephanie C Lieb**   slieb@trenam.com, mmosbach@trenam.com;mwoods@trenam.com;slieb@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com;mwoods@ecf.courtdrive.com
- **Catrina Humphrey Markwalter**   cmarkwalter@clarkhill.com, rahuja@clarkhill.com
- **Megen E. Miller**   millerm59@michigan.gov
- **John W Polderman**   jpolderman@sbplclaw.com
- **Jon Polenberg**   jpolenberg@beckerlawyers.com, ydaneshfar@beckerlawyers.com;tfritz@beckerlawyers.com;CourtMail@beckerlawyers.com;daperez@beckerlawyers.com
- **Marc N. Swanson**   swansonm@millercanfield.com
- **James Timko**   jtimko@deanmead.com, mgodek@deanmead.com
- **United States Trustee - TPA**   USTPRegion21.TP.ECF@USDOJ.GOV

- **Jeffrey W. Warren** jwarren@bushross.com, bankruptcy.eservice@bushross.com;jwarren@ecf.courtdrive.com
- **Nathan A Wheatley** nathan.a.wheatley@usdoj.gov
- **Edmund S Whitson** ewhitson@beckerlawyers.com, schristie@beckerlawyers.com;courtmail@beckerlawyers.com;jmurphy@beckerlawyers.com
- All parties who receive electronic service via the CM/ECF system

**<u>Via U.S. Mail, Postage Prepaid to:</u>**

Leestma Management, LLC, c/o Ryan M. Leestma, Member, 1900 Gulf Drive North, Unit 7, Bradenton Beach, FL 34217

Adelaide Pointe QOZB, LLC, Ryan M. Leestma, Manager, 1204 W. Western Avenue, Muskegon, MI 49441

Adelaide Pointe Boaters Services, LLC, Ryan M. Leestma, Manager, 400 Adelaide Circle, Muskegon, MI 49441

Adelaide Pointe Building 1, LLC, Ryan M. Leestma, Manager, 901 Adelaide Circle, Muskegon, MI 49441

Waterland Battle Creek, LLC, Ryan M. Leestma, Manager, 77 East Michigan Avenue, Battle Creek, MI 49017

/s/ *Kathleen L. DiSanto*
Kathleen L. DiSanto

8MG239702-Main Case Supplement.DOCX