ORDERED.

**Dated:  May 29, 2026**

_____

Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                               Chapter 11

Leestma Management, LLC                 Case No. 8:26-bk-02696-CED [Lead Case]
Adelaide Pointe QOZB, LLC               Case No. 8:26-bk-02698-CED
Adelaide Pointe Boaters Services, LLC    Case No. 8:26-bk-02699-CED
Adelaide Pointe Building 1, LLC          Case No. 8:26-bk-02700-CED
Waterland Battle Creek, LLC              Case No. 8:26-bk-02701-CED

        Debtors.                                Jointly Administered
_____/

**ORDER DIRECTING JUDICIAL SETTLMENT CONFERENCE
AND APPOINTING JUDICIAL SETTLEMENT OFFICER**

THIS CASE came on for hearing on May 29, 2026.

The following contested matters are pending before the Court ("the Contested

Matters"):

- The State Court Appointed Receiver's Motion to (1) Excuse Receiver from Turnover Provisions; and (2) Suspend the Bankruptcy Case (Doc. No. 18);

- Independent Bank's Joinder and Concurrence in State Court Receiver's Motion (Doc. No. 21);

- Debtors' Emergency Motion for Authorization to Use Cash Collateral (Doc. No. 24);

- Debtors' Motion for Turnover Pursuant to Section 543 (Doc. No. 26);

- Debtor's Emergency Motion to Employ Robert Frezza as Chief Restructuring Officer (Doc. No. 75);

- Debtors' Emergency Motion for Enforcement of the Automatic Stay (Doc. No. 91);

- Debtors' Emergency Motion to Employ U.S. Marina Group, LLC, as Operating Manager of the Debtors' Marina Operations (Doc. No. 92);

- Debtors' Emergency Motion to Extend the Automatic Stay as to Ryan Leestma (Doc. No. 94); and

- Debtors' Application to Set Officer's Salary for Ryan Leestma (Doc. No. 167).

In addition, Adversary Proceeding 8:26-ap-140-CED, *Leestma Management, LLC, et al., v. Independent Bank*, and Debtors' Motion for Temporary Restraining Order or for Preliminary Injunction (the "Adversary Proceeding) are pending before the Court.

For the reasons stated in open court, the Court finds that it is appropriate to refer the Contested Matters, the Adversary Proceeding, and other related matters to a judicial settlement conference. Accordingly, it is

2

**ORDERED**:

1.      The Honorable Jacob A. Brown is appointed as a judicial settlement officer in this case. At all times in connection with his role as a judicial settlement officer, Judge Brown will be acting in his official capacity as a United States Bankruptcy Judge, with all of the privileges and immunities of a United States Bankruptcy Judge.

2.      <u>Parties Directed to Participate in the Judicial Settlement Conference</u>. The following parties, with full settlement authority, are directed to participate in the judicial settlement conference: Debtors; Ryan Leestma; Independent Bank; The State Court Receiver, John Polderman; and the Michigan Department of Environment, Great Lakes, and Energy (EGLE).  Other interested parties may participate in the judicial settlement conference.

3.      <u>Time and Place of Judicial Settlement Conference</u>. The judicial settlement conference will commence on **Wednesday, June 10, 2026, at 1:30 p.m.**, at **Bush Ross, P.A., 1801 N. Highland Avenue, Tampa, Florida 33602.**

4.      <u>Submission of Materials</u>. The Parties must submit directly to Judge Brown such materials (the "Materials") in form and content as Judge Brown directs. The Materials must not be filed with the Court.

3

5.      Protection of Information Disclosed at the Judicial Settlement Conference. Judge Brown and the participants in the judicial settlement conference are prohibited from divulging, outside of the judicial settlement conference, any oral or written information disclosed by the Parties in the course of the judicial settlement conference. No person may rely on or introduce as evidence in any arbitral, judicial or other proceeding, evidence pertaining to any aspect of the judicial settlement conference, including but not limited to:  (a) views expressed or suggestions made by a party with respect to a possible settlement of the dispute; (b) the fact that another party had or had not indicated willingness to accept a proposal for settlement made by Judge Brown; (c) proposals made or views expressed by Judge Brown; (d) statements or admissions made by a party in the course of the mediation; and (e) documents prepared for the purpose of, in the course of, or pursuant to the mediation. Without limiting the foregoing, the parties are bound by (a) Fed. R. Evid. 408, and (b) any applicable federal or state statute, rule, common law or judicial precedent relating to the privileged nature of settlement discussions, mediations or other alternative dispute resolution procedures. Information otherwise discoverable or admissible in evidence does not become exempt from discovery, or inadmissible in evidence, merely by being used by a party in the mediation.

6. <u>Discovery from the Judicial Settlement Officer May Not be Compelled</u>. Judge Brown may not be compelled to disclose to the Court or to any person any of the records, reports, summaries, notes, communications or other documents received or made by Judge Brown while serving in such capacity. Judge Brown may not testify or be compelled to testify regarding the judicial settlement conference in connection with any arbitral, judicial or other proceeding. Judge Brown will not be a necessary party in any proceedings relating to the judicial settlement conference. Nothing contained in this paragraph prevents Judge Brown from reporting (a) the status, but not the substance, of the effort of the judicial settlement conference to the Court; or (b) whether a party failed to participate in good faith in the mediation.

7. <u>Protection of Proprietary Information</u>. The Parties, Judge Brown, and all judicial settlement conference participants shall protect proprietary information.

8. <u>Preservation of Privileges</u>. The disclosure by a party of privileged information to Judge Brown does not waive or otherwise adversely affect the privileged nature of the information.

9. <u>Effect of the Judicial Settlement Conference on Pending Matters</u>. Unless otherwise ordered by the Court, the assignment to a judicial settlement conference does not delay or stay discovery, pretrial hearing dates or trial schedules.

5

10. <u>Service of Process</u>. No party may be served with a summons, subpoena, notice or other pleading during the mediation or at the location where the mediation is occurring.

Copies to:

Hon. Jacob A. Brown
All parties and counsel via CM/ECF