UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

| | |
|---|---|
| Leestma Management, LLC | Case No. 8:26-bk-02696-CED [Lead Case] |
| Adelaide Pointe QOZB, LLC | Case No. 8:26-bk-02698-CED |
| Adelaide Pointe Boaters Services, LLC | Case No. 8:26-bk-02699-CED |
| Adelaide Pointe Building 1, LLC | Case No. 8:26-bk-02700-CED |
| Waterland Battle Creek, LLC | Case No. 8:26-bk-02701-CED |
| | Chapter 11 |

Debtors

_____/    (Jointly Administered Cases)

## DEBTORS' MOTION FOR EXTENSION OF EXCLUSIVITY PERIOD

Leestma Management, LLC ("Leestma"), Adelaide Pointe QOZB, LLC ("QOZB"), Adelaide Pointe Boaters Services, LLC ("APBS"), Adelaide Pointe Building 1, LLC ("APB1"), and Waterland Battle Creek, LLC ("Waterland") (Collectively "Debtors"), by and through undersigned counsel, hereby file this motion (the "Motion") to extend the 120-day Plan and Disclosure Statement filing deadline (the "Exclusive Filing Period") and the 180-day exclusivity period (the "Exclusive Solicitation Period") referenced in 11 U.S.C. § 1121 within which only the Debtor may propose a plan of reorganization and solicit votes in favor of such plan, through and including December 31, 2026 and March 1, 2027. In support of the relief requested in this Motion, Debtors state as follows:

### Jurisdiction and Venue

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

1

### Background and Procedural History

2.      On April 1, 2026 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.[1]

3.      Debtors are continuing in possession of their property and are managing their finances as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee has been appointed.

4.      Pursuant to 11 U.S.C. § 1121, the Exclusive Filing Period runs 120-days from the Petition Date (July 30, 2026).

5.      Further, pursuant to 11 U.S.C. § 1121, the Exclusive Solicitation Period runs 180-days from the Petition Date (September 28, 2026).

6.      Debtors and undersigned counsel are diligently working to formulate a feasible plan of reorganization and related disclosure statement. However, since June 12, 2026, the Debtors and significant creditors have been engaged in a judicial settlement conference coordinated by Chief Judge Brown. These cases are complex and involve numerous related creditors, assets and liabilities that must be thoroughly vetted in order to finalize the Plan. As a result, Debtors require additional time to finalize the Plan and Disclosure Statement.

### Relief Requested

7.      Pursuant to section 1121(b) of the Bankruptcy Code, the Exclusive Filing Period runs 120-days from the Petition Date. If a plan of reorganization is filed within the 120-day period, a party-in-interest may not file a competing plan unless a trustee has been appointed or "the debtor has not filed a plan that has been accepted, before 180 days after the date of the order for relief

---

[1] All references to the "Bankruptcy Code" are to the applicable section of Title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* All references to a "Bankruptcy Rule" or "Bankruptcy Rules" are to the applicable Federal Rule of Bankruptcy Procedure.

under this chapter, by each class of claims or interests that is impaired under the plan."[2] Debtors require additional time to meet the Exclusive Filing Period and the Exclusive Solicitation Period, which expire on July 30, 2026 and September 28, 2026.

8. To allow Debtors to finalize, file, circulate, and solicit acceptances of a plan of reorganization, Debtors seek an extension of the Exclusive Filing Period to December 31, 2026 and an extension of the Exclusive Solicitation Period to March 1, 2027, without prejudice to seek further extensions in the event circumstances require it.

**Basis for Relief**

9. Pursuant to section 1121(d) of the Bankruptcy Code and Bankruptcy Rule 9006(b), on request of the Debtors, this Court may extend, for cause, the Exclusive Filing Period and Exclusive Solicitation Period.

10. Although the Bankruptcy Code does not define "cause" for an extension of the Exclusive Filing Period and/or the Exclusive Solicitation Period, courts have looked to the legislative history of section 1121(d) for guidance.[3] Congress did not intend for the exclusive periods set forth in section 1121(d) to be a hard and fast rule; rather, Congress intended that the exclusive periods be of adequate length, given the unique circumstances of a particular case, for a debtor to formulate, negotiate, and draft a consensual plan of reorganization without disruption to the debtor that would occur with the filing of competing plans of reorganization. Indeed, Congress intended for courts to have flexibility in dealing with extension of exclusivity, as the hall mark of section 1121(d) of the Bankruptcy Code is flexibility.[4]

---

[2] *See* 11 U.S.C. § 1121(c).
[3] *See In re Gibson & Cushman Dredging Corp.,* 101 B.R. 405, 409 (E.D.N.Y. 1989), *see also In re Amko Plastics, Inc.,* 197 B.R. 74, 77 (Bankr. S.D. Ohio 1996).
[4] *See In re Amko Plastics,* 197 B.R. at 77; *In re Perkins,* 71 B.R. 294, 297 (W.D. Tenn. 1987).

11.     In determining whether a debtor has had an adequate opportunity to negotiate a plan, a court should consider a variety of factors to assess the totality of the circumstances.[5] Bankruptcy courts have identified the following factors, among others, as relevant in determining whether cause exists to extend the exclusive periods set forth in section 1121:

a.   the size and complexity of the case;

b.   the necessity of sufficient time to permit the debtor to negotiate a plan of reorganization and prepare adequate information;

c.   the existence of good faith progress toward reorganization;

d.   whether the debtor is generally making required post-petition payments as they become due and is effectively managing its business and preserving the value of its assets;

e.   whether the debtor has demonstrated reasonable prospects for filing a viable plan;

f.   whether the debtor has made progress in negotiations with its creditors;

g.   the amount of time that has elapsed in the case;

h.   whether the debtor is seeking an extension of exclusivity to pressure creditors into accepting a plan they find unacceptable; and

i.   whether an unresolved contingency exists.[6]

12.     In the instant case, cause exists to extend the Exclusive Filing Period and Exclusive Solicitation Period for a number of reasons, including:

a.   The case has been pending for less than four (4) months, and the deadline for governmental units to file proofs of claim has not passed;

---

[5] *In re Dow Corning Corp.,* 208 B.R. 661, 664-65 (Bankr. E.D. Mich. 1997).
[6] *Id.*

b. Debtors have engaged in good faith with their creditors to negotiate a viable chapter 11 plan. The request to extend the Exclusive Filing Period and Exclusive Solicitation Period is not a tactic to pressure creditors to accept a plan they find unacceptable. Debtors simply require additional time to negotiate settlements with creditors, evaluate all claims, and propose a plan that addresses various contingencies;

c. Since the Petition Date, Debtors are making their best efforts to manage their financial affairs and maximize recoveries for the benefit of all creditors; and

d. The *Revised Mediator's Proposed Mediated Interim Settlement Agreement Term Sheet (June 22, 2026)* approved by this Court's July 20, 2026, *Approval Order Granting Debtors' Motion to Approve Mediate Interim Settlement Agreement Term Sheet* (Doc. No. 231) provides in paragraph 11, that Debtors must file a chapter 11 plan by December 31, 2026.

13.    By extending the Exclusive Filing Period and the Exclusive Solicitation Period, Debtors will have the opportunity to build on the progress they have made toward proposing and obtaining acceptances of a viable chapter 11 plan that maximizes value for all creditors.

14.    This Motion is Debtors' first request for an extension of the Exclusive Filing Period and Exclusive Solicitation Period. Especially in light of section 1121(d)'s contemplation that the Exclusive Filing Period can be extended for up to 18 months after the date of the order for relief and the Exclusive Solicitation Period can be extended for up to 20 months after the date of the order for relief, Debtors' request is reasonable given Debtors' progress to date and the current posture of the case. Debtors are not seeking the extension as a delay tactic or to pressure creditors to accede to a plan that is unsatisfactory to them. Instead, Debtors need additional time to prepare,

propose and obtain acceptances of a plan of reorganization that will resolve certain critical issues with their creditors.

15.    Moreover, allowing creditors to propose a plan of reorganization in the context of a chapter 11 case would allow creditors to dictate how the debtors fund the plan.

16.    In conclusion, Debtors have been required to respond to the operational and administrative demands of these cases and continue to work diligently to advance the orderly formulation of a consensual chapter 11 plan. Debtors should be afforded a full and fair opportunity to negotiate, propose, and seek acceptance of a plan and to resolve the claims of creditors. Debtors, as debtors-in-possession, believe that an extension is warranted and appropriate under the circumstances. Debtors submit that an extension is realistic and necessary, will not prejudice the legitimate interest of creditors and other parties in interest, and will afford a meaningful opportunity for the Debtor to pursue a confirmable and consensual plan.

WHEREFORE, Debtors respectfully request this Court enter an order (i) granting this Motion without a hearing, (ii) extending the Exclusive Filing Period through and including December 31, 2026, without prejudice to the Debtors seeking further extensions in the event circumstances require it; (iii) extending the Exclusive Solicitation Period through and including March 1, 2026, without prejudice to the Debtors seeking further extensions in the event circumstances require it; and (iv) granting such other and further relief as the Court deems appropriate.

Dated: July 30, 2026.

/s/ *David S. Jennis*
David S. Jennis
JENNIS LAW FIRM
606 E. Madison Street
Tampa, FL 33602
Telephone:    (813) 229-2800
Email: djennis@jennislaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically via CM/ECF to the parties that receive service via CM/ECF in the ordinary course of business on this 30th day of July, 2026.

/s/ *David S. Jennis*
David. S. Jennis