**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**
**www.flmb.uscourts.gov**

IN RE:

| | |
|---|---|
| LEESTMA MANAGEMENT, LLC | Case No.: 8:26-bk-02696-CED [Lead Case] |
| ADELAIDE POINTE QOZB, LLC | No.: 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS SERVICES, LLC | No.: 8:26-bk-02699-CED |
| | No.: 8:26-bk-02700-CED |
| ADELAIDE POINTE BUILDING 1, LLC | Case No.: 8:26-bk-02701-CED |
| WATERLAND BATTLE CREEK, LLC | Chapter 11 |
| Debtor. | Jointly Administered |

______________________________/

**TEAM FINANCIAL GROUP, INC.'S UNOPPOSED MOTION FOR RELIEF FROM AUTOMATIC STAY PURSUANT TO 11 USC § 362(d)(1) AND ADEQUATE PROTECTION PAYMENTS**

Team Financial Group, Inc. ("Team Financial"), by and through its undersigned counsel and pursuant to 11 U.S.C. § 362(d), Fed. R. Bankr. P. 4001(d), and Local Rule 4001-1, hereby moves for relief from the automatic stay or in the alternative, for adequate protection under 11 U.S.C. § 363(e) (the "Motion") and states:

**Summary**

Through this Motion, Team Financial seeks adequate protection payments relief from Adelaide Pointe QOZB, LLC (the "Debtor") due to the lack of adequate protection in the Collateral (as defined herein). Further, if the Debtor fails to make those adequate protection payments to Team Financial, Team Financial seeks relief from the automatic stay to proceed in rem and recover the Collateral from the Debtor due to the lack of adequate protection in the Collateral. The Debtor, Team Financial, and the Receiver, John Polderman, have agreed to plan treatment and adequate protection, in the form of the Order attached hereto as **Exhibit A**.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This matter is a core proceeding under 28 U.S.C. § 157(b).

2. Venue over this matter is proper in this district pursuant to 28 U.S.C. § 1408. The statutory basis for the relief sought herein is 11 U.S.C. § 362(d)(1).

## Background

3. On or about February 14, 2024, the Debtor and Team Financial entered into the Lease Agreement No. 705354 (the "Lease") to finance the purchase of certain equipment, more particularly described as the Wiggins Marina Forklift, Serial #HWIGGINSWLC, MT-230048 (the "Equipment"). A true and correct copy of the Lease is attached hereto as **Exhibit B**.

4. To secure Debtor's payment and performance under the Lease, Debtor granted Team Financial a security interest in the Equipment (the "Collateral").

5. On or about February 15, 2024, Team Financial perfected its security interest in the Collateral by filing a UCC Financing Statement with the Michigan Department of State. A true and correct copy of the UCC Financing Statement is attached hereto and incorporated herein as **Exhibit C**.

6. On April 1, 2026, Debtor filed a voluntary Chapter 11 petition for bankruptcy (the "Petition") [Doc. 1] in the United States Bankruptcy Court for the Middle District of Florida – Tampa Division.

7. On June 9, 2026, Team Financial filed its Proof of Claim [Claim 8], in the amount of $24,570.00, representing lease payments for the months of January, February, and

March 2026, as well as late charges. A true and correct copy of the Proof of Claim is attached hereto as **Exhibit D**.

**Legal Argument**

*Adequate Protection*

8. The Debtor has continued to utilize the Equipment post-petition, without paying the monthly payments due and owing to Team Financial, including for the months of April, May, June, and July 2026.

9. The Debtor, Mr. Polderman, and Team Financial have agreed to the form of adequate protection as follows: The Debtor shall pay Team Financial adequate protection payments at its contractual payment rate of $7,800.00 per month, beginning within five (5) days after entry of an order granting this Motion (representing the payment due for the month of August), and continuing on September 14, and the 14th day of each month thereafter. Mr. Polderman would remit payment from funds generated by the "dry marina".

10. This Court should permit these payments to allow for Team Financial to protect itself from the erosion of the value of its Equipment.

11. Section 363(e) of the Bankruptcy Code provides in pertinent part:

> Notwithstanding any other provision of this section, at any time on request of an entity that has an interest in property used, sold or leased . . . the Court . . . shall prohibit or condition such use, sale or lease as is necessary to provide adequate protection of such interest.

12. Debtor continues to use the Equipment and without payment to Team Financial.

13. The proposed payments from the Debtor to Team Financial would adequately protect Team Financial's interest in the Collateral. The Debtor would also agree to assume the Lease upon confirmation, pay the pre-petition $24,570.00 cure amount in three equal monthly

installments of $8,190.00 per month, beginning on the effective date of the plan and continuing upon the same day of each month thereafter until paid in full, and the postpetition arrearages in the amount of $31,200.00 for payments due for April, May, June, and July 2026, will be treated as an administrative expense claim in connection with the Debtor's plan of reorganization that is filed, and paid upon the effective date of the plan.

*Relief from Stay*

14. In the event that the Debtor fails to make the adequate protection payments to Team Financial as would be ordered by the Court, Team Financial requests this Court order Team Financial relief from the stay in order to protect its interest in the Collateral.

15. 11 U.S.C. § 362(d)(1) provides that relief from the automatic stay shall be granted for cause, including the lack of adequate protection of an interest in property. A secured creditor, such as Team Financial, lacks adequate protection where the value of its collateral is declining as a result of the stay. *See In re Wrecclesham Grange, Inc.*, 221 B.R. 978, 980 (Bankr. M.D. Fla. Oct. 15, 1997).

16. Here, the Equipment continues to depreciate as it is utilized by the Debtor. Moreover, Debtor ceased making payments under the Lease before the filing of its Petition and has not made any payments since the filing of the Petition.

17. Thus, the Equipment is declining in value and there is no equity cushion. Accordingly, if the Debtor fails to make adequate protection payments, Team Financial would clearly lack adequate protection, and Debtor could not demonstrate otherwise. *See In re Wrecclesham Grange, Inc.*, 221 B.R. at 980 (finding that when the secured creditor proves the value of the collateral is declining as a result of the stay, "[t]he debtor has the burden of proof

to show that the collateral is not declining in value, the secured creditor is adequately protected through periodic payments, an equity cushion exists, or the prospects are good for a successful reorganization.").

18. As such, cause exists to warrant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1), so that Team Financial can proceed *in rem* and recover the Equipment should the Debtor fail to make the adequate protection payments to Team Financial.

19. Team Financial further requests that this Court waive the fourteen (14) day stay under Fed. R. Bankr. P. Rule 4001(a)(4)

**Prayer for Relief**

WHEREFORE, Team Financial hereby requests that this Court: (i) enter an Order requiring the payment of $7,800.00 to Team Financial Group within five days after entry of the Order as adequate protection for the month of August, (ii) beginning on the 14th day of September, 2026, and continuing on the 14th day of each month thereafter, require the Debtor through Mr. Polderman to remit adequate protection payments to Team Financial for its use of the Equipment at the contractual payment rate of $7,800.00 per month, pursuant to the terms of the Lease, (iii) require that upon confirmation of a Plan in this case, the Debtor assume the Lease, and pay the $24,570.00 cure amount in three equal monthly installments of $8,190.00 per month, beginning on the effective date of the plan and continuing upon the same day of each month thereafter until paid in full, (iv) order the postpetition arrearages in the amount of $23,400.00 for payments due for April, May, June, and 2026, shall be treated as an administrative expense claim in connection with the Debtor's plan of reorganization that is filed, and paid upon the effective date of the plan, (v) declare that the "End of Lease Option"

set forth in the Lease, which provides that the Lessee may buy the Equipment for $1.00, is valid and not revoked, contingent upon Debtor making the monthly adequate protection payments, the administrative expense payment, and the cure payment and otherwise complying with the terms of the Lease, (vi) Order that if the Debtor fails to make the adequate protection payments required under this Order, and fail to cure the same within three (3) business days, Team Financial shall be permitted to file a Declaration of Default and submit a Proposed Order Lifting the Stay, whereby the automatic stay under 11 U.S.C. § 362 shall be lifted with respect to the equipment governed by the Lease, and the fourteen (14) day stay provided by Rule 4001(a), Fed. R. Bank. P shall be waived, without further notice and/or a hearing, and (vii) grant any further and other relief as this Court deems just and proper.

Respectfully submitted,

**ADAMS & REESE LLP**

/s/ *Angela N. Grewal*

Angela N. Grewal, Esq.
Florida Bar No. 102429
Angela.Grewal@arlaw.com
jessica.bowers@arlaw.com
501 Riverside Avenue, Suite 601
Jacksonville, FL 32202
Telephone: (904) 355-1700
*Attorney for Creditor, Team Financial Group, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served on September 8, 2026, upon all parties reflected on the attached service list via CM/ECF, and by U.S. Mail on September 8, 2026, to all interested parties as reflected in the attached mailing matrix,

including Adelaide Pointe QOZB, LLC Debtor, David S. Jennis, Esq., counsel for Debtor, U.S. Trustee, Alberto F. Gomez, Jr., counsel for the receiver, and as well as the attached list of the twenty largest unsecured creditors.

*/s/ Angela N. Grewal*
Attorney

**SERVICE LIST**

**Via CM/ECF**

- **Charles W Azano** chip.azano@gtlaw.com
- **Marc Bakst** mbakst@bodmanlaw.com
- **Jessica Clemente** jessica.clemente@hwhlaw.com, phil.khezri@hwhlaw.com
- **Kathleen DiSanto** kdisanto@bushross.com, bnkecf@bushross.com;bankruptcy.eservice@bushross.com;kdisanto@ecf.courtdrive.com
- **Alberto F Gomez** al@jpfirm.com, al@jpfirm.com;andrenaw@jpfirm.com;katherineb@jpfirm.com
- **Angela N Grewal** angela.grewal@arlaw.com, jessica.bowers@arlaw.com;vicki.owens@arlaw.com;ari.martinez@arlaw.com;philip.navarro@arlaw.com
- **John B Hutton** huttonj@gtlaw.com, MIALitDock@gtlaw.com;miaecfbky@gtlaw.com;merlande.moise@gtlaw.com
- **David S Jennis** djennis@jennislaw.com, ecf@jennislaw.com;karon@jennislaw.com;aschaefer@jennislaw.com
- **Sherri L Johnson** sjohnson@johnsonlegalfl.com, g24582@notify.cincompass.com
- **Stephen S. LaPlante** laplante@millercanfield.com
- **Rhys P Leonard** rleonard@trenam.com, mmosbach@trenam.com;rleonard@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com;jmasters@trenam.com;jmasters@ecf.courtdrive.com;jpayne@trenam.com
- **David A Lerner** dlerner@plunkettcooney.com, nwinagar@plunkettcooney.com
- **Stephanie C Lieb** slieb@trenam.com, mmosbach@trenam.com;mwoods@trenam.com;slieb@ecf.courtdrive.com;mmosbach@ecf.courtdrive.com;mwoods@ecf.courtdrive.com;jpayne@trenam.com
- **Catrina Humphrey Markwalter** cmarkwalter@clarkhill.com, rahuja@clarkhill.com
- **Megen E. Miller** millerm59@michigan.gov
- **John W Polderman** jpolderman@sbplclaw.com, jlassen@sbplclaw.com
- **Jon Polenberg** jpolenberg@beckerlawyers.com, ydaneshfar@beckerlawyers.com;tfritz@beckerlawyers.com;CourtMail@beckerlawyers.com;daperez@beckerlawyers.com
- **Marc N. Swanson** swansonm@millercanfield.com
- **James Timko** jtimko@deanmead.com, mgodek@deanmead.com
- **United States Trustee - TPA** USTPRegion21.TP.ECF@USDOJ.GOV
- **Jeffrey W. Warren** jwarren@bushross.com, bankruptcy.eservice@bushross.com;jwarren@ecf.courtdrive.com
- **Nathan A Wheatley** nathan.a.wheatley@usdoj.gov
- **Edmund S Whitson** ewhitson@beckerlawyers.com, schristie@beckerlawyers.com;courtmail@beckerlawyers.com;jmurphy@beckerlawyers.com

- **Darrien Worth** worth@millercanfield.com
- **John R Yant** ryant@carltonfields.com, epritchett@carltonfields.com

**<u>Via U.S. Mail</u>**
Adelaide Pointe QOZB, LLC
Debtor
1204 W. Western Avenue
Muskegon, MI 49441

David S. Jennis, Esq.
Counsel for Debtor
Jennis Morse
606 East Madison Street
Tampa, FL 33602

U.S. Trustee
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602

State Receiver
Alberto F. Gomez, Jr
400 North Ashley Drive Suite 3100
Tampa, FL 33602