**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

| | |
|---|---|
| Leestma Management, LLC | Case No. 8:26-bk-02696-CED [Lead Case] |
| Adelaide Pointe QOZB, LLC | Case No. 8:26-bk-02698-CED |
| Adelaide Pointe Boaters Services, LLC | Case No. 8:26-bk-02699-CED |
| Adelaide Pointe Building 1, LLC | Case No. 8:26-bk-02700-CED |
| Waterland Battle Creek, LLC | Case No. 8:26-bk-02701-CED |
| | Chapter 11 |
| Debtors | *Jointly Administered Cases* |

_________________________________/

**DEBTOR'S MOTION TO SELL PERSONAL PROPERTY FREE AND CLEAR**
**<u>OF LIENS AND OTHER INTERESTS PURUSANT TO 11 U.S.C. §§ 363(b) and 363(f)</u>**

Leestma Management, LLC, Adelaide Pointe QOZB, LLC, Adelaide Pointe Boaters Services, LLC, Adelaide Pointe Building 1, LLC, Waterland Battle Creek, LLC (collectively the "**<u>Debtors</u>**"), by and through undersigned counsel, request this Court for entry of an order allowing the sale of certain personal property free and clear of any liens and interests pursuant to Section 364(f) of the Bankruptcy Code consisting of two (2) dredges and one (1) trailer ("**<u>Equipment</u>**") to Elite Seaways and Excavation, to be purchased by its owner David Killian ("**<u>Purchaser</u>**"). The grounds are as follows:

## <u>JURIDICTION AND VENUE</u>

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.
2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(N).
3. Pursuant to 28 U.S.C. § 1334(e)(1), this Court has jurisdiction.
4. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409 as this matter arises out of the Debtor's Chapter 11 case pending in this District.

## BACKGROUND

5. On April 1, 2026 (the "**Petition Date**"), the Debtors filed their voluntary petitions for relief under chapter 11 of the United States Code. The Debtors continue to operate their business and manage their properties as debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108 where former receiver, John Polderman, has been named as Chief Restructuring Officer ("**CRO**") pursuant to this Court's July 20, 2026 order granting *Debtor's Motion to Approve Mediated Interim Settlement Agreement Term Sheet* ("ISA") (Doc No. 231). No trustee has been appointed to displace any of the Debtors as debtors-in-possession.
6. Debtor, Adelaide Pointe QOZB, LLC ("**QOZB**") is the owner of the Equipment and is the seller to the perspective Purchaser.
7. QOZB purchased the Equipment in full by a cash tender and has possessory and ownership rights of the Equipment.
8. The perspective purchaser is ready to purchase the two (2) dredges, and an associated semi-trailer for a total of fifty thousand dollars ($50,000).
9. QOZB does not have any documentation reflecting any vehicle identification number ("**VIN**"), hull identification number ("**HIN**"), or other certificates for title of the Equipment.
10. QOZB has been in possession of the Equipment which was purchased in cash and there is no lien or security interest of record encumbering the Equipment. Accordingly, QOZB believes there is no party that claims a lien in security interest in the Equipment and any lien other on other interest would be in bona-fide dispute as provided under Section 363(f)(4) of the Bankruptcy Code.
11. Based on an electronic search of Michigan Public Records databases, QOZB believes there

are no perfected UCC or other liens claimed on the Equipment.

12. A copy of the purchase agreement between QOZB and Purchaser is attached as ***Exhibit "A".***

13. Attached as ***Exhibit "A-1"*** are photographs of the specific Equipment concerning this perspective sale.

**RELIEF REQUESTED**

The Debtors request entry of an order: (i) authorizing sale and conveyance of the Equipment to the perspective purchaser pursuant to Section 363(b), (ii) authorizing the sale of the Equipment free of and clear of all liens, claims, and interests pursuant to 363(f), (iii) approving the distribution and use of the net closing proceeds to the extend such net closing proceeds are not cash collateral of any creditor, (iv) finding the purchaser to be a good faith purchaser pursuant to 11 U.S.C. § 364(m), and (v) waiving the fourteen (14) day stay imposed by Bankruptcy Rule 6004(h).

**SALE UNDER SECTION 363(b)(1)**

14. Under Section 361(b)(1), a debtor in possession, after notice and a hearing, may sell property of the estate other than in the ordinary course of business. For a sale outside the ordinary course of business, the Court must determine that a sound business reason exists. In re Chateaugay Corp., 973 F.2d 141 (2d Cir. 1992).

15. To determine if a good business reason exists, courts look at the debtor in possession maximizing the assets of the estate. In addition, the courts look at adequate and reasonable notice, fair and reasonable sale prices, and whether the sale is in good faith. In re 160 Royal Palm, LLC, 600 B.R. 119 (Bankr. S.D. Fla. 2019). Executing a sale is entitled to respect and deference from the Court, as long as a sound business reason is given. See In re Bakalis,

220 B.R. 525 (Bankr. E.D.N.Y. 1998).

16. Because QOZB believes there is no lien or interest that any party other than QOZB can claim in the Equipment, the Debtors do not believe that authorization for a sale free and clear of liens, with any liens attached to the proceeds is necessary on approval.

17. These proposed sales are in the best interest of the Debtors, the estate, and the creditors, as the sales would provide liquid assets to the estate and maximize the value of the estate's assets. The Debtors no longer require the Equipment, and the estate will benefit by the avoidance of maintenance costs associated with them as well as the realized value of increasing the liquid assets of the estate. Further, the Purchaser will provide two (2) free dredge uses as part of the purchase agreement which will benefit the estate without burdening it with the Equipment. The sales price reflects the fair market value of the Equipment, and the purchase price is reasonable. These transactions are arm's-length negotiations, and the buyer is purchasing the Equipment in good faith.

**AUTHORITY FOR SALES FREE AND CLEAR OF ALL LIENS, CLAIMS, AND INTERESTS UNDER SECTION 363(f)**

18. To the extent any party would claim in interest in the Equipment, a debtor in possession may sell the property of the estate under Section 363(b) "free and clear of any interest in such property only if one of the following conditions are met: (1) applicable nonbankruptcy laws permits sale of such property free and clear of such interest; (2) such entity consents; (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (4) such interest is in bona fide dispute; or (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest." 11 U.S.C. § 363(f). Only one of the five conditions must be satisfied for the property to be sold free and clear of any interests. In re WBQ Partnership,

189 B.R. 97 (Bankr. E.D. Va. 1995). Once a basis of authorization is determined, the Court is to determine whether the sales should be authorized under the business judgment test. In re Gulf States Steel, 285 B.R. 497 (Bankr. N.D. Ala. 2002).

I. **Consent.** A Debtor in possession may be authorized to sell property free and clear of interest if the lienholder or interest holder consents to the sale pursuant to Section 363(f)(2). QOZB has not been informed that anyone claims a lien or interest to the Equipment, QOZB believes that consent is not required. Alternatively, the Debtors request that the Court order that any party claiming a lien or interest in such Equipment provide documentary proof of such interest and the perfection thereof within seven (7) days of any preliminary hearing on this motion.

II. **The sales price exceeds the aggregate lien.** Under Section 363(f)(3), if the sales price exceeds the aggregate lien of the interested lienholder, then the sale can be authorized free and clear of all interests. As QOZB purchased the Equipment without financing, there would only be an interest if a creditor asserts a blanket lien or interest in all QOZB's equipment or if there is a perfected UCC lien in the Equipment.

III. **Bona fide dispute.** Pursuant to Section 363(f)(4), a sale can be authorized free and clear of any interests if there is a bona fide dispute. The Bankruptcy Code does not define a "bona fide dispute," but Courts interpret that a bona fide dispute exists if there is an objective basis for a factual or legal dispute as to the validity of the debt. In re Octagon Roofing, 123 B.R. at 590; In re Bedford Square Associates, 247 B.R. 140, 1454 (Bankr. E.D. Penn. 2000). Here, there is a bona fide dispute as to the validity of any liens or interests on the Equipment owned by QOZB.

IV. **Potential creditors can be compelled to accept a money satisfaction of their interest**. Pursuant to Section 363(f)(5), a sale can be authorized free and clear of any interests if, in a legal or equitable proceeding, the party in interest could be compelled to accept a money satisfaction of its interest. This Section can be satisfied upon a showing that there is another legal mechanism in which a lien could be extinguished without full satisfaction of the debt. In re Terrace Chalet Apartments, Ltd., 159 B.R. 821, 829 (Bankr. N.D. Ill. 1993). The sales price does not have to exceed the value of the interest, only that the interest could be subject to satisfaction even if less than the full amount of the debt. In re Grand Slam, 178 B.R. 460, 463 (E.D. Mich. 1995). The distribution of property or proceeds of property of a secured claim as provided under a "cram down" pursuant to Section 1129(b) compels lien creditors to accept a money satisfaction of their interests by the payment of less than the full amount of the debt thus satisfies Section 365(f)(5). Id at 463.

## ADEQUATE PROTECTION

19. To the extent there was any interest in the Equipment that would be subject to any bona fide dispute under Section 363(f)(4), the attachment of any such lien or interest to the proceeds of the sale will have the same validity and priority against the Equipment as prior to the sale and would provide sufficient adequate protection. The sale proceeds are the indubitable equivalent of the interest in the property under Section 1129(b)(2)(A)(iii) of the Bankruptcy Code.

## PERSPECTIVE PURCHASER IS A GOOD FAITH PURCHASER

20. The Debtors request that this Court find that the Purchaser is a good-faith purchaser within

the meaning of pursuant to 11 U.S.C. § 364(m), The Purchaser is purchasing the Equipment for fair value, with consideration paid, in good faith, and without collusion with the Debtors or any parties in interest. Where the Purchaser has done prior work for the Debtors and is offering additional dredging work as part of the purchase price, the Purchaser has not engaged in any misconduct or taken an unfair advantage of the bankruptcy process.

**WAIVER OF STAY UNDER BANKRUPTCY RULE 6004(H)**

21. Under Bankruptcy Rule 6004(h), an order authoring the use, sale, or lease of property is stayed for fourteen (14) days after the order is entered, unless the court orders otherwise.
22. Debtors respectfully request the waiver of the fourteen (14) day stay and provide that the Order authoring the sale be effective immediately upon entry. This will allow the avoidance of unnecessary delay, allowing the estate to realize the benefits of the transaction including the additional dredging work. Purchaser desires the Equipment immediately to utilize them for their own work and benefit.

*(Remainder of Page Intentionally Left Blank)*

**WHEREFORE**, Debtors respectfully request this court to enter an order: (i) authorizing sale and conveyance of the Equipment to the Purchaser pursuant to 363(b), (ii) authorizing the sale of the Equipment free of and clear of all liens, claims, and interests pursuant to 363(f), (iii) approving the distribution and use of the net closing proceeds by QOZB, (iv) finding the purchaser to be a good faith purchaser pursuant to 11 U.S.C. § 364(m), and (v) waiving stay imposed by Bankruptcy Rule 6004(h).

Dated this 21st day of September, 2026.

/s/ David S. Jennis_____________
David S. Jennis
Florida Bar No. 775940
Sebastian T. Pankiewicz
Florida Bar No. 1054094
**Jennis Morse**
606 East Madison Street
Tampa, Florida 33602
Telephone: (813) 229-2800
Email: djennis@jennislaw.com
spankiewicz@jennislaw.com
ecf@jennislaw.com
*Counsel for the Debtors and Debtors-in-Possession*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 21st day of September 2026, a true and correct copy of the foregoing was filed using the Court's CM/ECF electronic filing system, which will serve a copy on all registered users, and was served by U.S. Mail and/or electronic mail on those parties on the Master Service List who are not registered CM/ECF participants, including all parties affected by this Motion.

/s/ David S. Jennis____
David S. Jennis

# EXHIBIT A

## EQUIPMENT PURCHASE, BILL OF SALE AND REMOVAL AGREEMENT

**Adelaide Pointe QOZB LLC / Elite Seaways and Excavation**

This Equipment Purchase, Bill of Sale and Removal Agreement (the **"Agreement"**) is entered into as of __________________, 2026, by and between **Adelaide Pointe QOZB LLC** ("Seller") and **Elite Seaways and Excavation**, by its owner **David Killian** ("Buyer"). Seller and Buyer may each be referred to as a "Party" and together as the "Parties."

### 1. Purchase and Sale of Equipment

Seller agrees to sell, transfer, convey, and deliver to Buyer, and Buyer agrees to purchase from Seller, the following property and equipment (collectively, the **"Equipment"**):
• Two (2) dredges;
• All dredging equipment, components, accessories, attachments, hoses, piping, and related equipment associated with the dredges and agreed upon by the Parties; and
• One (1) semi-trailer associated with the dredging equipment, included at no additional charge.

The Equipment is further identified by the photographs attached as **Exhibit A**, which is incorporated into this Agreement and Bill of Sale by reference.

### 2. Purchase Price

Buyer agrees to pay Seller a total purchase price of **Fifty Thousand Dollars ($50,000.00)** for the Equipment described in this Agreement. Payment shall be made in full on or before the transfer and removal of the Equipment unless otherwise agreed in writing by Seller.

### 3. Formal Bill of Sale and Transfer of Ownership

Upon Seller's receipt of the full $50,000.00 purchase price in cleared funds, this Agreement shall operate as a **formal Bill of Sale** and shall evidence the final sale, transfer, and conveyance to Buyer of all of Seller's right, title, and ownership interest in and to the Equipment described herein and shown in Exhibit A. Ownership of the Equipment shall transfer only after Seller has received the full purchase price in cleared funds.

### 4. No Certificates of Title, VINs, HINs, or Serial Numbers Included

The Parties acknowledge that **no certificates of title, vehicle identification numbers (VINs), hull identification numbers (HINs), or serial numbers were provided for inclusion in this Agreement or Bill of Sale**. Accordingly, no such title documents or identifying numbers are listed, attached, verified, or represented as part of this document. The Equipment is identified for purposes of this formal sale by the written descriptions in this Agreement and the photographs in Exhibit A. The absence of title documents or identifying numbers from this Agreement does not alter the Parties' intent that this document constitutes a formal sale and transfer of Seller's ownership interest in the Equipment upon full payment.

### 5. Additional Consideration - Future Adelaide Pointe Marina Dredging

As additional consideration for this transaction, Elite Seaways and Excavation agrees to provide Adelaide Pointe with **two (2) future dredging services at no cost to Adelaide Pointe**. At Adelaide Pointe's election, the two dredging services may consist of either: (a) two (2) separate dredgings of the Adelaide Pointe Marina channel; or (b) one (1) dredging of the Adelaide Pointe Marina channel and one (1) dredging of the Adelaide Pointe Marina main basin.

Each future dredging service shall include the dredging equipment, ordinary labor, mobilization, operation, and demobilization ordinarily necessary to perform the applicable dredging work. The timing and specific scope of each dredging shall be coordinated between Adelaide Pointe and Elite Seaways and Excavation based upon the future dredging needs of Adelaide Pointe.

There shall be no charge to Adelaide Pointe for either of these two future dredging services. These obligations shall survive the equipment sale, payment of the purchase price, and removal of the Equipment from Adelaide Pointe property, and shall remain binding until both agreed-upon dredging services have been completed.

**6. Removal of Equipment**

Buyer shall be solely responsible for removing the two dredges, all associated dredging equipment, and the semi-trailer from Adelaide Pointe property. All Equipment covered by this Agreement shall be removed from the property on or before **September 4, 2026**, unless Seller agrees otherwise in writing.

Buyer shall be responsible for all labor, equipment, transportation, towing, loading, permits, insurance, and other costs associated with removal and transportation of the purchased property.

**7. Condition of Equipment**

Buyer acknowledges that Buyer has had the opportunity to inspect the dredges, dredging equipment, semi-trailer, and all related property prior to purchase. All Equipment is being sold and transferred **AS IS, WHERE IS, WITH ALL FAULTS**, without any express or implied warranty by Seller regarding condition, merchantability, fitness for a particular purpose, operability, or future performance. Buyer accepts the Equipment in its present condition.

**8. Risk and Responsibility During Removal**

Buyer assumes all responsibility and risk associated with the loading, removal, transportation, and possession of the Equipment. Buyer shall be responsible for any damage to Adelaide Pointe's real property, buildings, pavement, docks, utilities, landscaping, equipment, or other property resulting from Buyer's removal activities and shall promptly repair or reimburse Seller for any such damage. Buyer shall also be responsible for the acts and omissions of its employees, contractors, subcontractors, agents, and transportation providers.

**9. Indemnification**

Buyer agrees to indemnify, defend, and hold harmless Adelaide Pointe QOZB LLC and its owners, officers, employees, representatives, affiliates, and agents from claims, damages, injuries, liabilities, losses, or expenses arising from or related to Buyer's loading, removal, transportation, ownership, possession, or use of the Equipment following transfer of ownership, except to the extent caused by Seller's gross negligence or willful misconduct.

**10. Entire Agreement; Amendments**

This Agreement, including Exhibit A, constitutes the entire agreement between the Parties concerning the transaction described herein and supersedes prior verbal or written discussions, representations, or agreements concerning the same subject matter. Any amendment or modification must be in writing and signed by both Parties.

**11. Governing Law**

This Agreement shall be governed by and interpreted in accordance with the laws of the State of Michigan.

**12. Binding Effect**

This Agreement shall be binding upon the Parties and their respective successors and permitted assigns. By signing below, each Party acknowledges that it has read, understood, and voluntarily agreed to the terms of this Agreement and intends this document to serve as a binding purchase agreement and formal Bill of Sale for the Equipment described herein.

**SIGNATURES**

The Parties execute this Agreement and formal Bill of Sale as of the dates written below.

**SELLER**
Adelaide Pointe QOZB LLC

Signature: Aubrey Glick

Name: Aubrey Glick

Title: COO

Date: 09/04/2026

**BUYER**
Elite Seaways and Excavation

Signature: ______________________________

Name: David Killian

Title: Owner

Date: ________________________________

# EXHIBIT A-1

## EXHIBIT A

### PHOTOGRAPHIC IDENTIFICATION OF EQUIPMENT SOLD

*The following photographs are incorporated into and made part of the Equipment Purchase, Bill of Sale and Removal Agreement. They are intended to identify the Equipment being sold where certificates of title, VINs, HINs, and serial numbers were not provided for inclusion in the Agreement.*



**Photo 1 - Two dredges included in the formal sale.**



**Photo 2 - Dredge No. 1, side view.**

**EXHIBIT A - CONTINUED**



Photo 3 - Dredge No. 2, side view.



Photo 4 - Dredge No. 1, alternate/rear view.

**EXHIBIT A - CONTINUED**



**Photo 5 - Semi-trailer included in the sale at no additional charge.**

***Exhibit A Acknowledgment:*** *The Parties acknowledge that the photographs above depict the equipment intended to be conveyed under this Agreement and formal Bill of Sale. No certificate of title, VIN, HIN, or serial number is represented by the photographs unless separately documented in writing and signed by both Parties.*