ORDERED.

**Dated: November 09, 2026**

Caryl E. Delano
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| In re: | |
| LEESTMA MANAGEMENT, LLC | Case No.: 8:26-bk-02696-CED |
| ADELAIDE POINTE QOZB, LLC | Case No.: 8:26-bk-02698-CED |
| ADELAIDE POINTE BOATERS SERVICES, LLC | Case No.: 8:26-bk-02699-CED |
| ADELAIDE POINTE BUILDING 1, LLC | Case No.: 8:26-bk-02700-CED |
| WATERLAND BATTLE CREEK, LLC | Case No.: 8:26-bk-02701-CED |
| Debtors. | Chapter 11<br>*Jointly Administered* |

______________________________________/

**ORDER APPROVING FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF JOHNSON POPE BOKOR RUPPEL & BURNS, LLP, AS COUNSEL FOR JOHN POLDERMAN, CHIEF RESTRUCTURING OFFICER, FOR THE PERIOD JUNE 23, 2026 THROUGH SEPTEMBER 25, 2026 (Doc. No. 316)**

THIS CAUSE came on for consideration upon the First Interim Application for the Allowance of Fees and Reimbursement of Expenses of Johnson Pope Bokor Ruppel & Burns, LLP ("JP") as Counsel for John Polderman, Chief Restructuring Officer, for the period of June 23, 2026

through September 25, 2026 (“Application”) (Doc. No. 316)[1]. Creditors and parties in interest were provided 21 days’ notice of the Application and advised of the opportunity to respond to same. No responses to the Application were filed with the Court and the Court finds that notice was proper and adequate under the circumstances. Accordingly, the Court considers the Application unopposed, and notes that the condition to the allowance requested in the Application has been satisfied by entry of the Court's order approving Johnson Pope's employment effective June 23, 2026 (Doc. No. 315) (the "Employment Order"). Accordingly, it is:

ORDERED that

1. The Application is APPROVED on an interim basis as set forth herein.

2. Pursuant to 11 U.S.C. §§ 330 and 331, Johnson Pope is allowed, on an interim basis, compensation in the amount of $23,945.00 for services rendered as counsel for the CRO during the Application Period, and reimbursement of expenses in the amount of $0.00, for a total interim allowance of $23,945.00.

3. The Court finds, based on 11 U.S.C. § 330, the lodestar principle, and the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), that $23,945.00 is reasonable compensation for actual, necessary services rendered during the Application Period.

4. The CRO is authorized to pay Johnson Pope the allowed, unpaid compensation, which shall be allocated for payment among Independent Bank, Choice One Bank, and 4Front Credit Union (collectively, the "Participating Secured Lenders") in accordance with the Court's Approval

[1] Capitalized terms not already defined herein shall have the same meaning ascribed to them in the Application.

Order Granting Debtors' Motion to Approve Mediated Interim Settlement Agreement Term Sheet (Doc. No. 231) (the "Settlement Order"), paragraph 6 of the Mediated Interim Settlement Agreement, and paragraph 7 of the Employment Order.

5. The Participating Secured Lenders retain all rights under the Mediated Interim Settlement Agreement and the Employment Order to review and challenge the allocation of the fees allowed herein.

6. Nothing in this Order modifies the provisions of paragraph 6 of the Mediated Interim Settlement Agreement governing the treatment of the Participating Secured Lenders' respective portions as allowed administrative expenses and additions to their respective claim balances or imposes any payment obligation beyond those established by the Mediated Interim Settlement Agreement and applicable orders of this Court.

7. The Court retains jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

cc: Attorney Al Gomez is directed to serve a copy of this order on interested parties who do not receive service via the Court's CM/ECF system and file a proof of service within three (3) days of entry of this order.